Caroline L. Hoysradt, Charles Hammond, Robert Mc-Arthur, John A. McArthur, Jane McArthur, Arthur McArthur, Caroline H. Taylor, Maritta A. Markle, Emily M. Coffin, Charles H. McArthur, Mina Bessac, Mary H. Atlee, Frances Theis, Maritta Prentiss, Sarah Billings, Mary E. Blake, Frederick E. Wadhams, Anna O. Flack, William B. Keep, John Hammond, Thomas B. Hammond, Elizabeth F. Terry, Susan Pellet, Emily A. Price, Lucinda C. Wheeler, Sarah C. Butler, Maritta Farley, Abner Hammond, Sarah Hammond and Susan B. Hill v. Tionesta Gas Company.

*Will—Probate—Nonresident owner of real estate—Trustee—Conveyance of real estate by substitute trustee.*

Where the will of a nonresident owner of real estate has been duly probated in the state of his domicile, and an exemplification of the probate has been duly filed and recorded in the office of the register of deeds of the county in this state where the real estate is situated, an executor and trustee who had been appointed by a court of the state of testator's domicile in place of the executors and trustees named in the will, has the power and authority of the executors or trustees named in the will to make conveyances of the real estate in accordance with the directions and provisions of the will.

Argued Oct. 11, 1899. Appeal, No. 70, Oct. T., 1899, by plaintiffs, from judgment of C. P. Forest Co., Aug. T., 1897, No. 45, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Ejectment. Before LINDSEY, P. J.

This was an action of ejectment brought to recover the possession of the south half 500 acres of tract No. 2825 in Tionesta township, Forest county.

Both parties to the suit claim from the common source in one Abner Hammond, who died on or about May 12, 1849. He resided at his death in the city of Hudson, county of Columbia, and state of New York. He left his last will and testament, which was duly probated in the office of the surrogate in said county of Columbia, and an exemplification of the record thereof was duly filed in the office of the register of wills in Forest county, on the 24th day of November, 1879.

The testator in the fourth paragraph of his will devised the land in controversy to his wife, Lucinda Hammond, his sons, Carlos and Alexander, and his sons-in-law, Robert McKinstry and Charles McArthur, and to the survivors and survivor of them in trust, within a reasonable and convenient time after his decease, to sell and dispose of the said real estate at public or private sale, as they shall deem advisable.

The plaintiffs are lineal descendants of the said Abner Hammond, deceased, and those deriving title through or under them.

The defendant derives its title under an instrument from Chas. W. Macy, a trustee, appointed by the Supreme Court of the county of Columbia, to one A. S. Allshouse, October 21, 1885.

The main question in this case is the power of the said trustee, Chas. W. Macy, appointed by the Supreme Court of the county of Columbia, to make the said conveyance to A. S. Allshouse.

Other facts appear by the opinion of the Supreme Court.

Plaintiffs' points and the answers thereto were as follows:

1. While the direction in the will of Abner Hammond, deceased, to the trustees named therein, to sell the land of the decedent, operated to convert said land into money, under the equity rule applicable thereto, it did not operate to sell such land; and such land could only be sold in accordance with the laws of the rei sitæ. *Answer:* As applicable to the case on trial, this point is answered in the negative. [1]

2. While the proper tribunal of the domicile had jurisdiction to distribute the assets of the estate of Abner Hammond, deceased, no court of the domicile of said decedent, to wit: the county of Columbia in the state of New York, had jurisdiction to decree a sale of the real estate of the said decedent situate in the state of Pennsylvania, or transfer title to said land from the trustee in whom the legal title thereto had been vested by

the will of said Abner Hammond, deceased, to the trustee appointed by said court, under said will. *Answer :* As applicable to the case on trial this point is answered in the negative. [2]

3. The decree of the Supreme Court of Columbia county, in the state of New York, in appointing Charles W. Macy as a trustee under the will of Abner Hammond, deceased, under the order of March 18, 1873, was inoperative to convey to him the title to the land in controversy, which had been previously vested in Charles McArthur under the said will. The said court could not convey any title to said land under said will to said trustee.

3½. The said Charles W. Macy as such trustee had no title to said land, and did not and could not convey any title to said land to A. S. Allshouse by his lease bearing date October 21, 1885, offered in evidence by the defendant, and under which the said defendant claims title thereto. *Answer :* The third point and point three and one half are answered as follows : We are of the opinion that the decree of the Supreme Court for the county of Columbia, and state of New York, could not affect the title of the land in Pennsylvania any further than to appoint or create the trustee. The trustee named in the will of Abner Hammond had died, and that court had jurisdiction of the property of the decedent; that was his domicile and that was the proper court to appoint a new trustee. But when the trustee was appointed we are of the opinion that he derived his title, or power to sell or convey any property which the decedent had owned in his lifetime from the will of the testator, Abner Hammond. The will of the testator was the law of his property, to be respected everywhere and under all circumstances; and when the trustee was appointed by that court, which was the proper court, and had jurisdiction of the business and of the estate there, the trustee so appointed had the same powers that the former trustee named by the testator himself had. It is like the appointment of an administrator cum testamento annexo. The will gave him the power, and he had the right, not only to convey property situated in the state of New York, but in our opinion he had the right to pass the title to the property in dispute here. It did not take any decree of the court of the state of New York to pass the title. If the will had contained only a power, and it had been necessary for

the trustee to obtain a decree of the court in order to make conveyance, then the decree of the court of the state of New York, in our opinion, would have been inoperative to have authorized him to have passed the title to the property in question in this state. But courts respect the decrees of sister states in all matters where they have jurisdiction, and this court in Columbia county, New York, had jurisdiction to make the appointment, and all that was necessary was to make the appointment and then this conveyance was made by that trustee in pursuance of the power which he derived · from the will of Abner Hammond. And hence we think the cases cited by the learned counsel on this subject do not apply here. The case of the Pittsburg & Rochester R. R. Company, found in 4 Cent. Rep., requires a decree of the state of New York to authorize the foreclosure of that mortgage, and hence that case is not, in our judgment, like this. The case cited, Brine v. Insurance Co., 96 U. S. 627, was a case where the United States circuit court, sitting in the state of Illinois, made a decree which violated a statute of the state of Illinois. And so we might distinguish the other cases cited, we think. You will observe that in this decree of the state of New York, simply appointing a trustee in order that the trust might not fail, but the trust be continued, violated no law of the state of Pennsylvania. The court had the jurisdiction to appoint, and then the trustee made the conveyance in pursuance of the power or the authority vested by the will of the testator, and the will is the law of his estate, and, that law will be respected everywhere. [3]

The court gave binding instructions for defendant. [17]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1–3, 17) above instructions, quoting them.

*D. I. Ball*, with him *John Cadman* and *Samuel B. Coffin*, for appellants.—Real estate must be sold according to the law of the rei sitæ; if by the owner, the title thereto can be transferred only by writing signed by him, or by his agent lawfully authorized by writing; if by operation of law, the title thereto can be transferred only by the proper agency of the state,

duly authorized by law. No foreign tribunal can transfer title thereto: Williams v. Maus, 6 Watts, 278; Watts v. Waddle, 6 Peters, 389; Watkins v. Holman, 16 Peters, 25; Brine v. Ins. Co., 96 U. S. 627; Pittsburg, etc., R. R. Co. v. Rothschild, 4 Cent. Rep. 107.

*George A. Jenks*, with him *T. F. Ritchey* and *Charles Corbet*, for appellee.—In the case now under consideration, the will of the testator authorized the trustee to lease, sell and convey the land in dispute. The trustee, as is admitted, was the lawfully appointed trustee to execute the trusts established by the will. The will was recorded in Forest county, in full compliance with the statute of Pennsylvania. No necessity existed to go into the courts to ask leave to sell, for the will itself was the law as to this land. The title was actually vested by the will in the trustee who made the deed to Allshouse. As to the appellants, the land had been converted into money at the death of the testator.

OPINION BY MR. JUSTICE GREEN, January 2, 1900:

The only important question at issue in this case is as to the effect of the probate of the will of a nonresident owner of real estate situate within this commonwealth. The testator, Abner Hammond, resided and died in the county of Hudson in the state of New York. He died in the year 1849, leaving real and personal estate in New York, and also seized of real estate situate in Forest county in this state. The premises involved in the present contention are a part of the real estate in Pennsylvania. The will was duly proved in the state of New York and letters testamentary issued thereon, and the settlement of the estate of the testator was proceeded with during a number of years under the law of that state. A number of changes were made in the office of executor by the proper court in the state of New York, in the office of executor and trustee under the will, in consequence of the resignations or death of the persons named as such in the will. In March, 1873, all the preceding executors and trustees having died or resigned, one Charles W. Macy was duly appointed as their successor by the proper court in the state of New York. In November, 1879, an exemplification of the probate of the will in the state of New

York was duly filed and recorded in the office of the register of wills in the county of Forest in this state, where the land in question lies. There is no question as to the regularity and lawfulness of this probate of the will in Pennsylvania involved in the present contention. It is therefore assumed that the establishment of the will in Pennsylvania, so as to give it full legal effect in relation to lands of the testator situate within the limits of our territory, was complete and perfect in all respects. The record discloses no controversy upon this matter. By the terms of our early legislation on this subject in the Act of 1705, 1 Sm. L. 33; 1 P. & L. Dig. 1501, sec. 155, it was expressly provided that foreign wills thus proved "shall be judged and deemed and are hereby declared and enacted to be matter of record, and shall be good evidence to prove the gift or devise thereby made." Our general act relating to registers and registers' courts, approved March 15, 1832, P. L. 135, contains in its 12th section (Pur. Dig. 572, pl. 7) more ample provision for the probate of foreign wills by means of authenticated copies, "with the same effect . . . . as upon the originals," and the 17th section (Pur. Dig. 574, pl. 15) provides that " All original wills after probate, and the copies of all original wills produced under the provisions of this act shall be recorded and filed by the register of the respective county . . . . and the copies of all and such of the probates thereof . . . . shall be adjudged and are hereby enacted to be matter of record, and good evidence to prove the gift or devise thereby made." The effect of this legislation is to give to foreign wills thus proved and recorded within our state the same legal force and consequence as if they were domestic wills regularly proved and recorded. That being so, the power and authority of the executor or trustee named in the will to make conveyances of real estate situate within our territory, in accordance with the directions and provisions of the will, are precisely the same as they would have been had the testator been a citizen and resident of our state at the time of his death. It follows, therefore, that if Charles W. Macy had been the executor and trustee named in the will at the time of his conveyance to A. S. Allshouse, in October, 1885, of all the oil, gas and other minerals (excepting coal) on the premises now in controversy, that conveyance would have been a perfectly lawful and valid exercise

of his authority under the will, and would have passed the whole title of the testator thereto to the purchaser.

But it is now objected by the present plaintiff that the conveyance to Allshouse was invalid because Macy was not the trustee named in the will, but was appointed to that position by the Supreme Court of New York, for the county of Hudson. The only objection to the validity of the conveyance is that the court making the appointment had no power to make a decree for the conveyance of land of the testator situate within the territorial limits of Pennsylvania. The answer to this contention is, that the New York court did not make and did not assume to make any such decree, or any decree having such an effect, or any decree in relation to the conveyance of land in Pennsylvania. The only act of that court in the premises was the appointment of Macy as successor to the office of executor and trustee of the will of the testator, because the office had become vacant by the death or resignation of all the preceding incumbents of the office. It certainly cannot be, and is not, disputed that the appointment was made by the only court having jurisdiction to make it, and so far as that subject is concerned the contention is not founded upon any objection to the authority of that court to appoint the successor to the trust, but that such an appointment must be regarded as a constituent part of a decree for the conveyance of the land in question. We cannot possibly accede to the correctness of this contention. If followed to its logical consequences it would result that the will of the testator directing the sale and conveyance of his lands could never be executed as to lands lying in Pennsylvania, because it is perfectly clear that no court in Pennsylvania would have the power to appoint the successor to the trust, and if the appointment by the New York court was invalid as to the lands in Pennsylvania, those lands could not be sold or conveyed at all under the authority of the will.

The vice of the argument for the appellant consists in regarding the action of the New York court as a decree for the sale of the land, when in point of fact it is not a decree of that character in any respect whatever. The sale was not made under any decree of any court. It was made under the authority conferred by the will, which was ample for the purpose. As a matter of course that authority was proper to be exer-

cised only by the persons named in the will or their successors in the trust, and the actual successor in the trust, whoever he might be, was the only legally authorized person who could execute the power. The authorites cited for the appellant have no analogy or pertinency to the question before us. This is especially so with the case of Williams v. Maus, 6 Watts, 278. That was a voluntary assignment for the benefit of creditors, made in the state of Maryland by a resident of that state, and of course under the laws of that state. There was no compliance with the requirements of our laws in such conveyances. No act was ever done in our state to make it a valid conveyance under our laws, and of course we would not undertake to incorporate the laws of Maryland in relation to assignments for the benefit of creditors into our system of law in that class of conveyances, merely to meet the exigencies of one particular case. But in the present case our own statute law was strictly complied with to make the will of the testator a Pennsylvania instrument, to operate as a muniment of title to the estate and property of the testator within our jurisdiction. Nothing of the kind occurred in any of the cases cited for the appellant, and they are all therefore entirely lacking in this most fundamental and vital particular. We know of no reason why the conveyance by Macy, as trustee under the will of the decedent, Hammond, to Allshouse was not entirely efficacious to convey the whole of Hammond's title just as certainly and as surely as if it had been made by the trustee named in the will. Entertaining these views, it is unnecessary to consider the other matters discussed in the paper-books. They do not control the decision of the case, whereas the question we have considered does control it entirely. The assignments of error are dismissed.

Judgment affirmed.