Judge Graham
delivered the opinion of the Court.
This case is now for the second time before this Court „ _ ,, 1 . n r. n/r fer revision. Its tacts are reported in 9 B. Monroe, 50. The most important question now presented in the record for decision, is whether the will of James Dinwiddie, deceased, under which Browning claims to derive title to 120. acres, part of the land in contest, ought to have been rejected. When this instrument was admitted to be read as evidence on the first trial of this suit, the only evidence of its probate was the certificate of the Clerk that it had been produced ■ in open Court, proved by one of the subscribing witnesses, and had been duly recorded. It was then determined that this certificate was insufficient, and that “a copy of the proceedings in Court, and the orders made and certified by the Clerk is the only competent testimony of what an existing record contains.” When the cause was again heard, the will was reproduced and admitted as evidence. It is dated September 3,1826, signed by the name of the testator with a seal annexed, and has the names of two persons purporting to be attesting and subscribing witnesses. It was presented for probate to the Henry-County Court, in the State of Tennessee, and a copy from the records of that Court, contains the following evidence of probate. After setting out the term of the Court and Justices present, it says: “This day came Moses S. Dinwiddie and produced and exhibited, in open Court, a paper writing purporting to be the last *426 will and testament of James Dinwiddie, late a resident citizen of Henry county, deceased, and thereupon came Andrew Province, one of the subscribing witnesses thereto, who being first sworn, depose and say that he was personally acquainted with the testator, James Dinwiddie, and that he saw him sign, seal, and heard him declare the same to be his last will and testament, and that he had signed the same in his presence and at his request as a witness, and that he was, at the time of signing the same, of sound and disposing mind and memory, and it was ordered to be so certified and recorded.” This paper has been recorded in Tennessee and in this State, without further proof, in the proper office, as a last will and testament.
The statute of 1820, (2 Slat. Law, 1528) authorized the recording of wills which had been proved and admitted to record in other States, where the testator had last resided, in the Court of Appeals of Kentucky, and made copies of such wills evidence with the same effect as if proved and recorded in this State. The act of 1842 allowed the recording of wills so proved, and to be recorded in the County Court Clerk's offices with like effect.
The only matter in relation to it, necessary to be decided, is whether the proof, as it is exhibited on the record, gives it validity sufficient to pass the title to land lying in this Slate?
Before the enactment of the statue of 1820, (2 Stat. Law, 1528,) wills'admitted to record in other States could not be used as evidence in this State without some proof of their execution in addition to the certificates of proof and registration from the offices of said State. That act provides “that where any last will and testament, containing a devise of land or other estate in this commonwealth, shall have been, or may hereafter be proved and admitted to record by the proper Court of any of the United States, or a foreign country, where the testator last resided, that it shall and may be lawful for any person interested, to cause such will, or a copy thereof, to be recorded in the office of the Clerk of the Court of Appeals of this State;” and “any will or copy thereof, so proved and recorded, shall be evidence in all Courts in this commonwealth, and ham the same effect as if it had been provedand recorded in the Court of the county where such land or other property shall be.” The act of 1843 (3 Stat. Law, 585,) permits such foreign wills to be recorded in the Clerk’s office of the County Court of the county in which said lands or other property, or part thereof, may lie, and gives it the *427 same effect it would have had if it had been recorded in the Clerk’s office of the Court of Appeals.
The act of 1797 referred to, and the adjudication, on that act ret ferred to: (2 J. J. Marsh. 511; 2 Marsh. 467; Lilt, sel. cases, 503.)
Proof by one subscribing witness oí the due execution of the ■will, and that the other subscribing witness was present and duly attested it is sufficient.
The act of 1797, (2 Stat. Law, 1537,) concerning wills, enacts that “a will to pass the title to real estate must, if not wholly written by the testator, be attested bj two or more competent witnesses, subscribing their names in his or her presence.” In the construction of this latter statute, it has been decided that in order to admit a will to record, it is not necessary thataii the subscribing witnesses should depose to its execution, that proof of its due execution by one only is sufficient, provided he does also testify that it was duly attested by the other subscribing witness. It has also been determined that if the probate be made by one only, yet if the record state that the will was proved by the oath of one and ordered to be recorded, it must be presumed that he swore to every fact essential to its execution: (2 J. J. Mar. 511; 2 Mar. 467; L. S. C. 503.)
Whether one or more witnesses testify, it must appear, from the proof, that the instrument was in fact attested by at least two witnesses in the presence of the testator. The record from Tennessee is entirely silent on this subject. Although it speaks of Province as one of the subscribing witnesses, yet when it undertakes to recite what he stated on oath, there is no evidence that he proved its attestation by any one besides himself. It is not stated that Province proved the will, but the record purports to recite verbatim what he did prove; and in the statement of his proof, as already said, there is no intimation that there was any other attesting witness to the will. If such proof, and such only had been made in a County Court in this State, it is very clear that the will would not be proved so as to pass the title to real estate. It is, however, urged in argument that this will must be taken to have been admitted to record according to the laws of Tennessee, and that the comity between sister States of the Union requires that it should be held as valid here as in Tennessee, and such it is argued is the meaning of the act of 1842. We are not advised of the laws of Tennessee on this *428 subject, and perhaps it should be taken for granted that the will, according to the laws of that State, has been duly proved; but admitting such to be the law of that State, we cannot admit the conclusion drawn from the ^premises.
The States respectively have the power to prescribe the requisites necessary to pass title to the real estate situated therein: (2 Con. Hep. in notes, page 438.)
A will admitted to record in Tennessee upon the oath of one subscribing witness, & authentic ation which purports to certify all that the witness stated in proof of the will, who stated nothing in respect to the presence or attest! - tion of any other subscribing witness, though recorded in Keniicky: Held not to be so proved as to pass title to real estate in Kentucky.
It is an acknowledged principle of law that the title and disposition oí real property is exclusively subject to the laws of the country where it is situated, which alone can prescribe the mode by which it can pass from one to another, and no title to lands passes by will unless it is executed, proved, and registered, conformably to the laws of the place where the property is situated: (2 Con. Rep. U. S., in notes, 438.)
As already shown, the will has not been proved according to the law of this State so as to pass the title to lands, (unless the late acts referred to have that effect,) and the foregoing principles, extracted from Condensed reports, would reject it, We suppose the Legislature did not intend by that act to provide, that if a sister or foreign State by her laws made a nun cupative will, or a will attested by only one witness, or the will of an infant, sufficient to convey title to lands in that State, that such will should transfer the title to lands in this State; and yet the argument based on the comity due to another State, and said to be contemplated in that act, would lead at once to such a result. We do not so understand that act. It seems to us that the Legislature only intended to avoid the trouble, inconvenience and expense, and the not unfrequent impracticability of proving in this State a last will which had been made and executed in another, and perhaps distant State, and to remedy that evil, they only intended to say, that if a will in a sister State be proved and admitted to record upon such evidence as the laws of this State require, then a will so proved and recorded shall be evidence in all Courts in this commonwealth, and have the same effect as if it had been so proved and recorded here. It follows that as the will of Dinwiddie was not so proved, it was improperly admitted as evidence, and that for the error of the Court in thus ad *429 mitting it, the decree must be reversed. As this reversal deprives Browning of the offset set up in his cross-bill, the decree dismissing his cross-bill must be affirmed.
Turner for Cornelison; Caperton for Browning.
This cause is, therefore, on the errors assigned by Cornelison, reversed and the cause remanded to that Court with diiections to reject the will of Dinwiddie, as at present proved, and for other proceedings not inconsistent with this opinion. Upon the cross-errors assigned by Browning, the decree is affirmed.