SCHULENBERG & BOCKLER vs. CAMPBELL.

1. In an action of detinue to recover saw logs cut and carried from land claimed by the plaintiffs, no demand is necessary.

2. A special property, in such case, is sufficient to maintain the action.

3. Detinue may be maintained where goods are originally acquired by a trespass. The trespass may be waived.

4. From 1807 to 1845, the law of this State permitted a will, executed in any other State or territory, according to the forms prescribed by the laws of such State or territory, to pass lands in this State. In 1845, this law was changed, and lands lying in this State could not be devised, except the will was executed with the formalities required by our law, and protected by our courts. It was not the design of the legislature to make the act of 1845 retrospective in its operation.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was an action of detinue brought by the appellee in the court below, to recover a raft

Schulenberg & Bockler vs. Campbell.

of logs. The suit was tried by a jury on the general issue. The plaintiff gave in evidence, a confirmation by Known Bates to Daniel Clark of 7056 arpens of land, situate in St. Charles county. A survey of the said confirmation by the Surveyor General, and a copy of the will of Daniel Clark and the probate thereof in Louisiana. The defendants objected to the will and probate, that it was incompetent, not being executed or proved according to the laws of this State, or shown to be conformable to the laws of Louisiana. The court overruled the objection and admitted the copy of the will and probate.

The will gave the testator's estate to his mother, Mary Clark, and appointed Relf and Chew his executors, with power to settle every thing relating to the estate.

Plaintiff then read a copy of a power of attorney, dated October 1st, 1813, by Mary Clark to Relf & Chew, with power of substitution, empowering them to make sale of any of the estate left to her by Daniel Clark. This copy of power was not sealed nor acknowledged. It was objected to by the defendant, but admitted.

Plaintiff then read a copy of a paper signed by Relf & Chew, not sealed nor acknowleged, dated 9th May, 1817, substituting Samuel Hammond to sell, &c., any part of the estate of Daniel Clark. This was objected to, but admitted.

Plaintiff then read a deed from Relf & Chew of the land confirmed to J. B. N. Smith. This deed is dated 10th July 1818, and purports to be made by Relf & Chew, executors of Daniel Clark and attorneys in fact of Mary Clark. It is signed by them, by S. Hammond, attorney. The deed contains a claim of mortgage to secure some part of the purchase money.

Plaintiff then read a foreclosure of the mortgage in favor of Relf & Chew against Smith, in which the land was conveyed by Sheriff to Relf & Chew. Plaintiff then read a power of attorney from Relf & Chew to John O'Fallon, authorizing him to sell and convey any land belonging to them in Missouri.

Plaintiff then read a deed, under this power, to the plaintiff of one undivided half of the land confirmed as above-mentioned. The deed is dated March 19, 1845.

Plaintiff then read in evidence proceedings in partition between plaintiff and others in which he south-west part of the land was set off to plaintiff.

Plaintiff then introduced witnesses, who gave evidence tending to show that the improved part of the tract of 7056 arpens was occupied by the tenants of the plaintiff; that the logs in question were cut from said tract by Lomax & Matthews—rafted to St. Louis and sold to the defendants, who were notified that the logs belonged to the plaintiff, and were requested to give them up, but they refused.

Plaintiff also gave evidence tending to show that the plaintiff was the heir at law of Mary Clark.

The defendants moved instructions to the effect, that the plaintiff could not recover without proving an entire right to the property—and that the cutting and carrying away timber from land could not be reclaimed by action of detinue. The instructions were refused, and defendant excepted. The jury found for plaintiff. Motion was made for a new trial—overruled— exceptions saved—appeal taken.

CARROLL, for appellants.

I. That the plaintiff below failed to show a title to the land on which the timber was cut. The power of attorney to Relf & Chew, was not under seal, and the deed by their substitute was not in the name of the principal.

This is an attempt to avoid the effect of thereby relying on the proceedings in partition, but these proceedings confer no title: Archer vs. Bacon, 12 Mo. R.

II. The plaintiff below offered some evidence of possession of the premises, but that proof cannot avail him here; for it is apparent that the case below turned on the paper title alone.

To allow a plaintiff to recover in the court below on a defective paper title, and to affirm

his judgment on the ground of a possessory title which the adversary has had no opportunity to disprove, would work manifest injustice.

HAIGHT, for appellee.

I. The will of Daniel Clark exemplified from the court in Louisiana was competent evidence in the cause. See Ter. Laws, vol. 1, p. 133.

II. The objection to the power of attorney to S. Hammond from Relf & Chew may be well taken, but is of no importance, as they affirmed the sale by subsequent foreclosure of the mortgage and purchase of the land. The land was then in Relf & Chew, and they conveyed one half to the plaintiff.

III. The land of the plaintiff has been set apart to her by a partition duly made between the plaintiff and the tenants in common with her, and the plaintiff is in possession by her tenants of the part so allotted. This seems to be sufficient title as against a trespasser.

NAPTON, J., delivered the opinion of the court.

This was an action of detinue to recover some saw logs cut and carried from a tract of land claimed by the plaintiff. A verdict and judgment were obtained for the logs or their value.

The instructions asked upon the trial, and refused by the court, asserted several propositions, which we hold, with the court below, not to be the law of the case. These points were chiefly, 1. That a demand was necessary before suit; 2. That the plaintiff in detinue must have an absolute right to the property sued for, and 3. That the action cannot be maintained where the goods were originally acquired by a trespass.

The last proposition seems at one time to have been regarded as law in England, but more recent decisions maintain what we think the better opinion, that the trespass may be waived, and detinue or trover brought. It is well settled that no demand is necessary. The second proposition above stated is not strictly correct, for a special property will suffice to maintain the action, but as there was no evidence of any thing other than general ownership in this case, the instruction might have been given. Its refusal is not deemed important.

The principal objections taken in the circuit court and relied on here, relate to the details of the plaintiffs' title. The probate at the will of Daniel Clark was objected to, and so was the power of attorney from Relf & Chew to Hammond. Clark's will was made in 1811 and probated in Louisiana in 1813. At that time, and indeed from 1807 up to 1845, the law of this State permitted a will executed in any other State or territory, according to the forms prescribed by the laws of such State or territory, to pass lands in this State. In 1845 this law was changed, and lands lying in this State could not be derived except the

will was executed with the formalities required by our law, and protected by our courts.

We are not of opinion, that it was the design of the legislature in 1845 to make this law retrospective in its operation. The language of the act does not require such a construction, nor would general principles or public policy favor it, even were it certain that such a purpose would be a legitimate one.

It is obviously unnecessary to examine the objections made to the power of attorney, since its validity can be no wise necessary to the plaintiff's title. The title was reinvested in Relf & Chew by the foreclosure of the mortgage, and it is not material whether Hammond's sale ever put the title out of them or not.

It may well be questioned, whether such details of the plaintiff's title as were offered in this case are effectual to a recovery in an action of detinue. We have no authority upon the point. The action of detinue has so seldom been resorted to in England, that but very few cases are to be found in the books in which this form of action was used. In this country it has been abolished by statute in some of the States, and in others its use is confined almost exclusively to cases, where slaves or some chattels possessing a peculiar value, are sought to be recovered. If we are to be governed by legal analogies, I am unable to see the propriety of putting the plaintiff to full proof of title, in a case where there is no one to dispute it, and a mere trespasser is defending. Even in ejectment, a prior possession under claim of title is held sufficient, in the absence of all paper title on either side. Is the claimant and occupant of land obliged to hunt up his title papers, whenever a depredation is committed, before he seek redress? The plaintiff here had by a regular partition, made under the authority of a court, been assigned her portion of the land, as a derivative claimant under the will of D. Clark. No adverse title was set up or said to have any existence. She had possession by her tenants, when the timber was cut and carried off. Is not this a sufficient *prima facie* title against a trespasser?

Judgment affirmed.