CROSSETT LUMBER COMPANY v. FILES.

Opinion delivered April 29, 1912.

1. REAL PROPERTY—WHAT LAW GOVERNS.—The alienation, transmission and descent of real estate is governed by the laws of the country or State in which it is situated. (Page 602.)

2. WILLS—VALIDITY TO TRANSMIT LAND.—A will executed without this State in conformity to the laws of the testator's domicile will not be a valid will of lands situated in this State unless made in accordance with the requirements of the laws of this State. (Page 603.)

3. SAME—EFFECT OF OMITTING TO NAME CHILD.—Under Kirby's Digest §§ 8019, 8020, providing that when a testator shall omit to mention the name of a living child he shall be deemed to have died intestate so far as regards such child, *held* that a will of a citizen of another State seeking to transmit lands situated in this State is without effect as to such lands where he omitted to name his only surviving child therein. (Page 604.)

Appeal from Ashley Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant brought an action of ejectment against appellees in the circuit court for the possession of certain lands in Ashley County, deraigning title thereto from Peter McQueen through the devisee and her heirs under his will. It also claimed under a commissioner's deed issued in a suit for the collection of overdue taxes.

Appellees answered, denying appellant's claim of title, ownership and right to possession, denied that the devisee under Peter McQueen's will had any title to or right to convey the land, and alleged that if they ever had any interest or claim they had lost the same by laches and abandonment, having failed for over forty years to pay any taxes thereon.

They claimed title to the lands by quitclaim deed from Louisa Elder, daughter and sole surviving heir of Peter McQueen and also by adverse possession. The cause on motion was transferred to equity. The different deeds under which the parties claimed title were introduced in evidence, and also the will of Peter McQueen, which had been duly probated in Mississippi, of which State he was a citizen and resident at the time of his death. It was also shown that Peter McQueen had but two children, girls; that one of them died without being

married, and that Louisa Elder, from whom appellees derived their title by quitclaim deed, was the other daughter. The will was executed on the 3d day of September, 1863, and probated in February, 1868. By its terms all the estate of the testator, real and personal, was bequeathed and devised "to my niece, Mary Ann Mullins, of the county of Marshall, State of Mississippi," and no mention was made of his daughter, Louisa, his only surviving child, her name being omitted from the will.

The chancellor found that the land was forfeited to the State in 1872, and thereafter sold under an overdue tax proceeding, which was void; that in 1899 Louisa Elder, sole surviving child of Peter McQueen, made a quitclaim deed to the lands to Files, one of the appellees; that she had no title to convey, the legal title being in the Mullins heirs, under the will of Peter McQueen; that they attempted to convey same to Black, through whom plaintiff claimed title, but that they had lost their right to the lands through laches, before making the deed to Black, and that appellees have acquired title to the lands by seven years adverse possession thereof.

From the decree appellant brings this appeal.

*George W. Norman,* for appellant.

*A. W. Files,* for appellees.

Mrs. Elder was the sole surviving heir of McQueen, as the proof clearly shows. As to the land in Arkansas, the law of this State will control, and the will, not having been probated in this State, passed no title to the land. 91 N. E. 48; 126 S. W. 1178.

KIRBY, J. (after stating the facts). The majority of the court have concluded that the evidence of adverse possession is not sufficient to sustain the decree, and the sole question for determination is whether the will of a citizen and resident of another State, duly executed in accordance with its laws, devising all the real and personal estate of the testator to his niece without mentioning therein the name of his only daughter, which was entirely omitted therefrom, will have effect to transfer his lands situated in this State to his devisee and prevent their descent to his said daughter in accordance with our statutes.

The general rule, without any diversity of opinion, is that the alienation, transmission and descent of real estate is governed by the laws of the country or State in which it is situated. *Apperson* v. *Bolton*, 29 Ark. 426; *United States* v. *Crosby*, 7 Cranch 115, 3 L. Ed. 287; *Kerr* v. *Moon*, 9 Wheat. 565, 6 L. Ed. 161; *McCormick* v. *Sullivant*, 10 Wheat. 202, 6 L. Ed. 300.

Under our statutes, whenever a testator shall have a child born after the making of his will, either in his lifetime or after death, and shall die, leaving such child unprovided for by settlement and neither provided for nor in any way mentioned in his will, such child succeeds to the same portion of the father's estate as would descend or be distributed to it if the father had died intestate; and when a person shall make his last will and testament and omit to mention the name of a living child, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such portion, share and dividend of the estate of the testator as if he had died intestate. Sections 8019-8020, Kirby's Digest.

From these sections it appears that, if the name of one of the testator's living children be omitted from his will, the law conclusively presumes that he died intestate, as to such child, and, of course, if the testator had but one child and omitted her name from the will, she being his only heir to whom his property would descend in the event of his death, by force of our statute he must be deemed to have died intestate, and the will ineffectual to convey the lands. *Brenton* v. *Brenton*, 23 Ark. 569; *Bloom* v. *Strauss*, 70 Ark. 483.

Another statute provides that when a will of a nonresident of this State, relating to an estate here, has been duly probated in the State of the testator's residence, an authenticated copy thereof with the certificate of probate thereof may be offered for probate in this State, and, when so offered, there being no evidence to the contrary, the court shall presume that the will was duly executed and admitted to probate as a will of personalty in the State of the testator's domicile, and shall admit such copy to probate as a will of personalty in this State; and if it appears from such copy that the will was proved in the foreign court of probate to have been so executed

as to be a valid will of lands in this State by the law thereof, such copy may be admitted to probate as a will of real estate. Section 8033, Kirby's Digest; Civil Code, § 513.

There are other sections of the statute, however, which provide that citizens of any of the United States or Territories thereof, owning real or personal property in this State, may devise and bequeath the same by last will and testament executed and proved according to the laws of this State, or any State or Territory in which the will may be made, and copies of such wills shall be recorded in the same manner as wills executed and proved in this State and shall be admitted in evidence in the same manner. Sections 8049-50, Kirby's Digest. These last sections were sections 36 and 37 of chapter 157 of the Revised Statutes, of which sections 8019-20, Kirby's Digest, already referred to, were also sections 11 and 12, in force when the will was probated.

Under the general rule already announced, as well as under said section 8033, Kirby's Digest, referred to, unquestionably a will executed without this State, in conformity to the laws of the testator's domicile, would not be a valid will of lands situated in this State unless made in accordance with the requirements of the laws of this State. And by said sections 8049-50 of this statute it surely was never intended that a will executed in a foreign jurisdiction by a citizen thereof, even though made under the same formalities required by our laws, should have effect to dispose of lands in this State contrary and opposite to the policy of our law as plainly expressed in the statute. By this same act it is provided that if a testator in the State shall have a child born after the making of his will without making any provision therefor, or omit to mention the name of a living child in his will, he shall be regarded as having died intestate, so far as such child is concerned, in effect without a will, and we do not think the execution and probate of a will in such foreign jurisdiction that omits to mention the name of the testator's only child can have the effect under this statute, though it was executed and probated in accordance with the laws of the testator's domicile, to transmit real estate situated within this State to the devisee therein when under the statute such a will, if made here, would be without effect to do so. It was evidently not the intention of the

Legislature to give more and a different effect to a will so executed in a foreign jurisdiction than it would have if made under the laws of our own State by a citizen thereof, but, at most, only to provide that a will made and proved in a foreign State, in accordance with its laws, should be a valid will here, so far as the execution and probate are concerned, thus dispensing with the trouble and expense, if not impossibility, of proving in this State a will long before made in another, and maybe a distant, State, and intending only that the will so made and probated could be proved and recorded here, as allowed by our law, with the same effect as though it had been made within this State, concluding, when so proved, all questions that could be raised against the making of it and the probate thereof. *Montana* v. *12th District Court*, 6 L. R. A. 617; *Blount* v, *Walker*, 134 U. S. 607; cases in note, 2 L. R. A. (N. S.) 426; *Cornelius* v. *Braning*, 10 B. Mon. 425.

This construction is borne out by the language of this court in *Apperson* v. *Bolton, supra,* where a will duly executed and admitted to probate in Tenneesee and also in this State was said to be ''as valid to dispose of real estate of the testator situated in this State, though made in Tennessee, as if made and admitted to probate in Arkansas." In other words, such a will would be as valid as though executed by a citizen of this State under the formalities required by our law, and could not be more effective to transmit and dispose of real property in this State than if so made.

Thus, it will be seen that the intention of the Legislature in the enactment of said sections of the statute was only to give the same or like effect to the wills of citizens of another State, executed and proved, according to the laws thereof, attempting to devise real estate here, as is given to wills of citizens of this State, executed and proved according to our own laws.

The will of Peter McQueen, a citizen of Mississippi, made and probated in accordance with the laws of that State, is a valid instrument in this State, so far as the execution and probate thereof are concerned, but our statute expressly provides that a testator who omits the name of a child from his will shall be deemed to have died intestate so far as regards such child, and said testator having omitted the name of

his only surviving child from his said will, he must be deemed to have died without a will and intestate, so far as the lands in this State are concerned, and the will without effect as to them.

Appellants acquired no title through its grantors claiming under said will, who were without title, the will being ineffectual to prevent the testator's lands in this State from descending to his daughter, whose name was omitted therefrom, and appellees, having the quitclaim deeds to the lands from the said only child and heir, were entitled to their possession, no superior right having been shown.

Therefore, notwithstanding the conclusion of the majority of the court that the evidence does not sustain the finding and decree that appellees acquired the title to the lands by adverse possession, since they are entitled to them by reason of the quitclaim deed from Louisa Elder, it can make no difference in the effect of the decree, which is right, and it is affirmed.

McCULLOCH. C. J., (dissenting).    There is nothing in the statutes of this State which prohibits a person from disinheriting a child.    Our laws neither expressly nor impliedly declare any policy against the power or the right of free disposition of one's own property, even to the extent of absolute exclusion of a child from participation in the estate. It is provided only that, if the child is not mentioned in the will, the testator is deemed, as to such child, to have died intestate.    Kirby's Digest, § 8020; *Brown* v. *Nelms*, 86 Ark. 368.    In other words, the statute, in effect, prescribes the method by which a child may be disinherited, that is, by mentioning his name in the testament and excluding him from participation in the inheritance.    In all other respects, the testator is left free to transmit the estate at will.    The provision referred to only relates, in my judgment, to the mode by which a child may be excluded, and places no restrictions upon the testator's power to exclude the child.

The statute further provides that "citizens of any of the United States, or Territories thereof, owning real or personal property in this State may devise and bequeath the same by last will and testament, executed and proved according to the laws of this State, or any State or Territory in which the will may be made."    Kirby's Digest, § 8049.

That section, in effect, substitutes, instead of our laws relating to the execution of wills, the laws of the State or Territory wherein a will of a citizen of another State or Territory is made, and accords validity to the testament whether it conforms to our laws or not.   The power to exclude a child being unimpaired by our laws, if the will is executed according to the laws of the State or Territory where made, the exclusion is valid here.   *Schulenberg* v. *Campbell,* 14 Mo. 491; *Lindsay* v. *Wilson,* 2 L. R. A. (N. S.)  408  103 Mo. 252.

''The intentions of testators,'' says the Maryland court in the case above cited, ''have frequently failed because they executed their wills according to the forms prescribed by the laws of their respective domicils, which were not in accordance with the laws of the States where some of their lands were situated; and in this country, where we have so many States, each one of which can determine such questions for itself, it can not be doubted that such a statute as ours is more likely to accomplish the great object of the law applicable to wills—to carry out the intention of the testator—than the common law rule.   Perhaps nothing has shaken the respect of even intelligent laymen for the wisdom of the law more than the fact that a will will pass real estate in one State and be utterly null and void  as to that in an adjoining State.''

The will of De Queen was executed and became operative prior to the adoption of our Civil Code; therefore the question of the repeal of section 8049 by section 8033 (a part of the Code) does not arise.

The will was executed and proved according to the laws of the State of Mississippi, where it was made, and, in my opinion, constitutes a valid devise of the testator's lands in this State.