SELLE v. RAPP.

Opinion delivered March 29, 1920.

1. WILLS—PROBATE IN ANOTHER STATE—CONCLUSIVENESS.—The full faith and credit clause of the United States Constitution does not prevent a will of a nonresident devising lands in this State probated in another State and offered for probate here from being contested for incapacity of the testatrix.

2. REAL PROPERTY — TRANSMISSION — LAW GOVERNING.—The alienation, transmission and descent of real property is governed by the laws of the country or State in which it is situated.

3.  WILLS—PROBATE OF, AFFECTS ONLY PROPERTY IN STATE.—The probate of a will in another State affects only property in such State, and its effect upon property within this State is to be determined by the laws of this State.

4.  WILLS—CONTEST OF ANCILLARY PROBATE.—Kirby's Digest, section 8033, providing that a will of a nonresident probated in a foreign court of probate may be offered for probate in this State, in view of sections 8041, 8051, *Id.*, does not deprive a party interested of the right to contest the probate upon the ground of incapacity or undue influence.

Appeal from White Circuit Court;. *J. M. Jackson,* Judge; reversed.

*John E. Miller* and *C. E. Yingling,* for appellants.

1.  The court erred in admitting the testimony offered by the proponents of the will.  Kirby's Digest, § 8034; 40 Cyc. p. 1294. The will was not executed in accordance with the *lex loci rei sitae. Id.* 1294; 31 Ark. 180; 64 Atl. 410; 95 Am. Dec. 487; 22 Am. Dec. 321; 15 Atl. 379; 18 S. E. 208; 34 Pac. 358; 10 S. E. 411. The evidence admitted to establish the will was mere hearsay and not primary evidence.  The certified copy of the New Jersey court order of probate and the certified copy of the evidence taken in New Jersey were not properly admitted in evidence as the proof of the will and the manner of proving it is governed solely by the law of the *situs.*  However if all the evidence of proponents had been admitted without objection, yet the testimony of E. Cypert and W. C. Dugan fails to show that either of them subscribed their names as such witnesses *at the instance of the testatrix.* 31 Ark. 175-180. The proof also fails to show the age of the testatrix when the will was made and there was no proof as to the domicile of the testatrix when the will was made.

2.  Under the proof the court erred in refusing to instruct the jury to find for the contestants as the proponents failed to prove by competent testimony that the will was the will of Julia Rapp and that it had been properly executed.  See cases *supra.*

3.  The court erred in holding that the question as to whether the paper writing exhibited as the will of

Julia Rapp had been adjudicated by the Orphans' Court of New Jersey, and that by reason of that judgment admitting the will to probate contestants were precluded from maintaining this contest.   Kirby's Digest, § 8033, The force and effect of this will in Arkansas relative to lands in Arkansas was not in issue before the New Jersey court.   The title and disposition of real property by will is exclusviely subject to the laws of the *situs*.   10 Wheat (U. S.) 192; 170 U. S. 283-289; 94 *Id.* 315-320. See also Story, Conflict of Laws, § 474; Redfield on Wills (3 ed.), p. 398; 31 Ark. 175-180; 97 Mo. 223; 104 Ark. 602.   It is the law of Arkansas that makes the foreign probated will of any effect in Arkansas.   31 Ark. 180; 97 Mo. 223; 29 Oh. St. 379.   The will must be executed according to the laws of Arkansas.   The will in New Jersey was not sufficient to pass title to land in Arkansas.   176 U. S. 35; Kirby's Digest, §§ 8033-4, 8051.

The "full faith and credit" clause of the Constitution is not violated because the judgment of the New Jersey court adjudged only that the will was good to pass title to property in New Jersey.   109 U. S. 608; 146 *Id.* 657-669; 177 *Id.* 214; 243 Mo. 480; 40 Cyc. pp. 1374-5.

The case in 104 Ark. 600, does not preclude contestants from contesting the will. 97 Mo. 229; 205 *Id.* 537; 243 *Id.* 480-493.   See also 15 Atl. 376; 11 Cush. (Mass.) 519; 148 Ind. 682; 48 N. E. 592.   The rule is that when a foreign will devises lands in this State any person interested may contest the will by complying with our statute.   93 N. E. 145; 22 Am. Dec. 41; Schouler on Wills, § 49; 3 Am. & Eng. Enc. Law 630-2-4; 1 Gratt. (Va.) 18; 64 Atl. 344.

3.   The court erred in holding that contestants were precluded in bringing this contest by reason of the judgment of the New Jersey court and in refusing to allow contestants to show that the testatrix was mentally incompetent and under the influence of her husband when she made the will.   Kirby's Digest, §§ 8010-11.   Aaron Rapp's testimony was contradicted on every point.   170 S. W. 1021.

*E. C. Hall* and *D. H. Frost,* of Missouri, also for appellant.

Make the same points *supra,* and cite many additional authorities. Page on Wills, § 336; 120 Mo. 295; 124 *Id.* 637; 13 A. & E. Enc. Law, 992; 64 Ark. 349; 124 Mo. 637; 4 Call. 89; 14 A. & E. Eng. Enc. of Ev. 490, etc.

*Brundidge & Neelly* and *Eugene Cypert,* for appellee.

1. There are only two questions here, *i. e.*, the residence of Julia Rapp and the sufficiency of the proofs of the foreign probate of the will. 40 Cyc. 1237. It was properly probated as a foreign will. 193 Fed. 332. Our own court has settled this question here. 104 Ark. 602.

2. There was no error in admitting the auhenticated copy of the will and probate of the New Jersey court. Kirby & Castle's Digest § 1072; 104 Ark. 602.

3. The law is settled, the judgment is right and should be affirmed. All the matters sought to be raised have been settled by the court of Julia Rapp's domicile.

HUMPHREYS, J. On the 10th day of November, 1905, Julia Rapp executed her last will and testament, bequeathing her entire estate, both real and personal, to her husband, Aaron Rapp, leaving only one dollar, each, to her two sons and daughter. The will was executed in the State of Arkansas. With her husband she afterward removed to, and became a citizen of, the State of New Jersey, where she died on July 27, 1910. On March 17, 1915, a petition for probate of the will was filed by Aaron Rapp with the surrogate of Hunterdon County, New Jersey, which was contested by appellants herein, on the ground of incapacity of the testatrix to make a valid will. On August 7, 1916, after the contest aforesaid, an order was granted and entered in the county orphans' court, admitting said will to probate. On the 10th day of April, 1917, a duly certified copy of the will was filed by the executor, Aaron Rapp, in the probate court of White County, Arkansas, where it was, by the court, on said date, admitted to probate in the common form and ordered and entered of record. Within one year there-

after, towit, on April 8, 1918, the appellants, two of the children and heirs of Julia Rapp, filed an affidavit for an appeal from the order admitting the will to probate and a petition contesting the will, upon the grounds of incapacity to make and the undue influence of her husband, Aaron Rapp, in procuring the execution of the will. On said date, it being a day of the regular term of the White Probate Court, after hearing, an appeal was granted, and the proceedings certified to the White Circuit Court.

On August 5, 1919, a day of the regular July term, 1919, of the White Circuit Court, the cause was submitted to a jury, upon the pleadings and evidence adduced.

The proponent, upon whom the burden rested, over the objection and proper exception of the contestants, introduced a certified copy of the proceedings in probate in the Hunterdon Orphans' Court of New Jersey, consisting of the citation, the order appointing the commission to take the evidence of the subscribing witnesses to the will, the will, the depositions of the subscribing witnesses, the affidavit of Aaron Rapp, the order granting probate and the letters testamentary issued to Aaron Rapp, pursuant thereto, and the order of the White County Court admitting the will to probate therein in common form.

The contestants thereupon offered testimony to establish the incapacity of Julia Rapp at the time she executed the will, and that it was executed through the undue influence of her husband, Aaron Rapp, which evidence was excluded by the court, over the objection and proper exception of the said contestants.

The court, on its own motion, over the objection and proper exception of the appellants, peremptorily instructed the jury to return a verdict for the proponent, which was done. A judgment was rendered upon the verdict, dismissing the contest. From that judgment an appeal has been duly prosecuted to this court.

This cause was submitted and verdict directed upon the theory that a will probated in another State must be admitted to ancillary probate in this State without the

right to contest, except for insufficiency of the proofs of foreign probate and nonresidence of the testator in the foreign jurisdiction. The theory upon which the cause was submitted can not be upheld by the "full faith and credit" clause of the Constitution of the United States, in so far as the will related to property in the State of Arkansas, and especially in so far as it related to real estate located in Arkansas. The probate proceedings in New Jersey only related to and affected property devised by the will in that jurisdiction. So far as real estate is concerned, the rule seems to be universal that the disposition thereof in any mode is governed by the laws where situated and not by the laws pertaining to a devise of said real estate in the district where a will devising same is probated. *Apperson* v. *Bolton*, 29 Ark. 418; *Crossett Lumber Co.* v. *Files*, 104 Ark. 600. In the latter case it was said: "The general rule, without any diversity of opinion, is that the alienation, transmission and descent of real estate is governed by the laws of the country or State in which it is situated." The effect, therefore, to be given the foreign probate of a will bequeathing and devising property located in this State must be determined by the statutes of this State. The court justified the theory upon which it submitted the case to the jury on its interpretation of section 8033 of Kirby's Digest. The meaning attributed by the circuit court to the section was that an authenticated copy of a will probated in a foreign jurisdiction and the proceedings thereon, after probate in common form in this State, become conclusive evidence in the establishment of a will. That section, in so far as it relates to real estate located in Arkansas, is as follows: "When a will of a nonresident of this State, relative to an estate within this State, has been proved without the same, an authenticated copy thereof, and the certificate of probate thereof, may be offered for probate in this State; * * * if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this State, by the law thereof, such copy may

be admitted to probate as a will of real estate." It will be noticed that the section has reference to wills of nonresidents probated in foreign jurisdictions "offered for probate in this State," and the manner in which such wills may be admitted to probate here. Under the section, an authenticated copy of such will may be admitted to probate in this State without notice to interested parties, showing conclusively it relates to probates of wills in common, and not solemn, form. The purpose and intent of the section was to give the same effect to authenticated copies of wills probated in foreign jurisdictions and admitted to probate and record here as to domestic wills originally proved and probated in this State. The probate of each becomes final if the judgment is not contested in one year. It is specifically provided by section 8051 of Kirby's Digest that a will of a nonresident, probated in a foreign jurisdiction and admitted in an ancillary proceeding to probate in this State, may be contested and annulled just as domestic wills may be, after proven and probated in this State. The section referred to is as follows: "Any such will may be contested and annulled within the same period and in the same manner as wills proven in this State." This statute clearly provides for the right of appeal and contest within one year of the will of a nonresident, probated in a foreign district and under ancillary probate proceedings in this State, in relation to property located in Arkansas. The grounds upon which a contest may be prosecuted are also specified by statute in this State. It is provided in section 8041 of Kirby's Digest that "when the proceeding is taken to the circuit court, all necessary parties shall be brought before the court; and, upon the demand of any one of them, a jury shall be impaneled to try which or how much of any testamentary paper produced is, or is not, the last will of the testator." The contest, therefore, is not restricted to questions of whether the deceased was a resident of the foreign jurisdiction and to the sufficiency of the proofs of foreign probate. The interpretation placed upon section 8033 of Kirby's Digest by the court is,

therefore, clearly erroneous when read in connection with
sections 8051 and 8041 of Kirby's Digest. Read in the
light of the latter two sections, section 8033 has applica-
tion only to probate of wills in common form, which can
only become conclusive if no contest is entered within
the period fixed. The interpretation placed upon section
8033 by the circuit court could have no other effect than
to prevent a contest on a foreign will, devising property
in this State, if probated in a foreign jurisdiction and in
this State under ancillary probate proceedings. We do
not think the effect of the ruling in *Crossett Lumber Co.*
v. *Files,* 104 Ark. 600, was to prevent a contest of a will
of a nonresident probated in a foreign jurisdiction and
afterward probated here, in so far as it relates to prop-
erty located in this State. The doctrine there announced
was that title to lands situated in the State of Arkansas
would pass by will of a nonresident first probated in a
foreign jurisdiction and then probated here upon proper
authentication—meaning, of course, that the title to lands
would pass by such probate judgment in this State if not
disturbed by successful contest within the period fixed.
The State of Missouri has a statute in the exact words
of section 8051 of Kirby's Digest, in reference to contests
of wills devising lands in Missouri where probated in a
foreign jurisdiction and afterward probated in the State
of Missouri. In construing the Missouri statute, the
Supreme Court of Missouri said, in the case of *Keith* v.
*Keith,* 97 Mo. 229, that, "When the Kentucky court ad-
mitted this will to probate, it adjudged it to have been
executed according to the laws of that State, and we ac-
cept that adjudication as conclusive upon that subject,
but it did not undertake to say that the will transmitted
title to the Missouri land. That court did not assume to
make such an adjudication. The probate of this will
does not have the credit in that State of affecting the title
to land in this State, and hence we are not called upon
to give it a credit that it does not have in the courts of
the State where the probate is declared. The force and
effect that we must give to this Kentucky probate does

not depend upon the act of Congress, nor our statute relating to the same subject, so far as real property located in this State is concerned, but it depends wholly upon the statute before quoted, dispensing with proof anew, and declaring what force and effect shall be given a will, properly executed and probated in another State and recorded here. Moreover, the courts of that State are without jurisdiction over the titles to lands located in this State. The clause of the Federal Constitution and the act of Congress apply only so far as the courts of the other States have jurisdiction. The principle of law is too well settled to call for further discussion.''

The doctrine announced in the case of *Keith* v. *Keith, supra,* was adhered to in the later cases of *Cohen* v. *Herbert,* 205 Mo. 537, and *Hines* v. *Hines,* 243 Mo. 480. In construing a similar statute in Indiana, the Supreme Court of that State said, in the case of *Evansville Ice & Cold Storage Co.* v. *Windsor,* 148 Ind. 682: ''We think, therefore, that under section 2770 (2600), *supra,* when a foreign will devises real estate situate in this State and is presented under our statute for filing and recording, any person mentioned in said section may contest such proceedings, and if the foreign will is also admitted to probate, or filed and recorded, such person may contest the same within the time prescribed by said section. Such a contest, if successful, has no effect on said will or the probate thereof in the jurisdiction where probated, but only prevents the will operating on the real estate in this State.''

While a different rule was announced by the Supreme Court of Tennessee in relation to personal property in the cases of *Williams* v. *Saunders,* 5 Coldwell, 60, and *Martin* v. *Stovall,* 103 Tenn. 1, upon the theory that as to personal property the *lex domicilii* governed, yet those cases recognized the rule that the devise of real estate or immovable property was governed by the law of the place where situated.

For the error indicated, the judgment is reversed and the cause remanded for a new trial, in accordance with this opinion.

McCULLOCH, C. J., dissents.