**HOLLAND v. JACKSON et al.** (No. 12009.)

Court of Civil Appeals of Texas. Fort Worth. April 20, 1929.

Rehearing Denied June 8, 1929.

Clark & Clark, of Dallas, and Lightfoot, Robertson & Scurlock, of Fort Worth, for appellant.

Hood & Shadle, of Weatherford, and McLean, Scott & Sayers, and Cantey, Hanger & McMahon, all of Fort Worth, for appellees.

DUNKLIN, J. John L. Jackson died in the county of Coryell, state of Texas, on or

about April 9, 1919. On February 18, 1926, S. Adelaide Jackson filed in the superior court of Los Angeles, Cal., an application for the probate of a certain document alleged by her to be the last will and testament of John L. Jackson, deceased, and in which application she stated that she was the surviving wife of the deceased and at the time of his death the deceased resided in the county of Los Angeles, state of California, in which county he left an estate consisting of real, personal, and community property not exceeding in value the sum of $10,000. On March 4, 1926, that document was admitted to probate in that court, as the last will and testament of John L. Jackson. A notice of the filing of the application and of the time and place appointed for the probate of the document was duly served upon S. Adelaide Jackson through the post office of Los Angeles where, in her application, she alleged she resided, also the same notice was published in a newspaper known as the "Greater Los Angeles," which was printed and published in the same county, all in compliance with the statutes of California in such cases made and provided.

S. Adelaide Jackson was named in the document as the principal devisee of the estate, and the order admitting the document to probate was made upon the testimony of two persons purporting to be subscribing witnesses of the instrument, and also the testimony of S. Adelaide Jackson, the applicant for probate.

The probate order, after reciting that notice of the application for probate had been duly given as required and that no person had appeared to contest it, contained the following: "It is therefore ordered and adjudged by the court that said John L. Jackson died on the 9th of April, 1919, leaving an estate in the State of California, and then a resident of the County of Los Angeles, State of California; that the document hereinbefore filed, purporting to be the last will of said deceased, and so alleged to be in said petition, be admitted to probate as the last will of said deceased; that S. Adelaide Jackson be appointed administratrix of said estate with the will annexed, and that letters of administration with the will annexed issue to her upon her taking the oath required by law and giving bond in the sum of $2,000.00 surety or personal."

The bond so required was duly given and approved and letters of administration with the will annexed were issued to the said S. Adelaide Jackson.

On June 14, 1926, the county court of Parker county, Tex., appointed G. A. Holland temporary administrator of the estate of John L. Jackson, deceased, with the purported will of said deceased mentioned above annexed, with authority to take possession of all personal property and look after all real estate owned by the deceased in the state of Texas. On July 6, 1926, the same court entered an order making permanent the temporary order theretofore made. On November 23, 1926, upon the petition of Robert Ingersol Jackson, Dan E. Lydick, and Walter B. Scott, the county court of Parker county set aside and vacated the former orders of the same court appointing G. A. Holland administrator of the estate of John L. Jackson, deceased, with the will annexed. In that order it was recited that the purported original will of the deceased was before the court and that the court found that the same was not executed by the deceased. The court further found that more than four years had elapsed since the death of the deceased before the application was made to probate the same in the state of California and before the application for administration with the will annexed was filed in the county court of Parker county. Holland excepted to that order and gave notice of appeal to the district court of Parker county, and all steps to vest jurisdiction in said district court to try the issues involved were duly taken.

In the district court Robert Ingersol Jackson, Dan E. Lydick, and Walter B. Scott, who were plaintiffs in the county court in the proceeding to vacate the former order probating the will, filed a further pleading designated as their "original petition," making G. A. Holland defendant, prayed for judgment setting aside and annulling the order of the county court admitting said document to probate as the last will of John L. Jackson, deceased, and appointing the defendant Holland as administrator of the estate of said deceased with the will annexed. The grounds upon which that relief was based were that the document was not the last will and testament of John L. Jackson, deceased; that he did not execute it; that the purported will was a forgery; that at the time the document was alleged to have been executed Jackson did not have sufficient mental capacity to make a valid will; that the attempted probate of the will in California and the ancillary probate thereof in Parker county were both void because those proceedings were barred by the four years' statute of limitation in the state of California, and also in the state of Texas; and that at the time of his death John L. Jackson resided in Tarrant county, Tex., and did not reside in the state of California; that he had no property situated in the state of California; and that the probate proceedings had in California and also in Parker county were all fraudulent and void.

It was further alleged in plaintiff's petition that Robert Ingersol Jackson was the son and only child of said decedent, and that plaintiffs Dan E. Lydick and Walter B. Scott were also interested in the estate as assignees of Sarah Vestal Jackson, the wife of said decedent. And it is to be noted here that the

record shows that Sarah Vestal Jackson was one and the same person as S. Adelaide Jackson, named as such in the probate proceedings in the county of Los Angeles, Cal.

In his petition for certiorari to the district court from the county court of Parker county, the defendant G. A. Holland sought to set aside the last order of the county court vacating its prior order admitting the alleged will to probate and appointing Holland administrator with the will annexed. Attached to that petition were duly certified copies of all the proceedings in the superior court of Los Angeles county, Cal., referred to above; also a certified copy of the ancillary order of the county court of Parker county admitting the will to probate in that county and appointing Holland administrator with the purported will annexed.

It was further alleged that John L. Jackson, deceased, died on April 9, 1919, in Coryell county, Tex., leaving the document referred to above as the last will and testament, and said document was duly probated in the county and state where he resided at the time of his death, and in which county a part of his estate was situated. Further allegations in Holland's said pleadings were to the effect that at the time of his death, deceased owned property situated in Parker and other counties in the state of Texas; that Sarah Vestal Jackson, widow of deceased, who had been duly appointed as administratrix of the estate of deceased, had waived her right to such appointment in the ancillary proceedings to probate the will in Parker county in favor of G. A. Holland, upon whose application the first two orders of the county court of Parker county were made; that said orders were made upon duly authenticated copies of the probate proceedings in Los Angeles county, Cal.; that the probate proceedings so had in Los Angeles county, Cal., were all in accordance with the statutes of California in such cases made and provided; that the superior court of Los Angeles, Cal., had jurisdiction under the laws of that state to render judgment admitting the said document to probate as the last will and testament of John L. Jackson, deceased; and that said judgment had never been appealed from, set aside, or vacated, but is in full force and effect; and that full faith and credit should be given it in the courts of Texas, under and by virtue of article 4, section 1, of the Federal Constitution, Section 905 (Rev. St.) of the Federal Statutes (28 USCA § 687), and article 3365 of the 1925 Revised Statutes of Texas. And for that reason the judgment of the California court admitting the documents to probate as the last will and testament of John L. Jackson is final and conclusive and its binding effect cannot be questioned by the courts of Texas; and that therefore the order of the county court setting aside the ancillary probate proceedings theretofore had in that court were void.

In reply to the petition of the plaintiffs Robert Ingersol Jackson, Dan E. Lydick, and Walter B. Scott, the defendant Holland filed an answer containing a general demurrer and special exceptions; also a general denial, and special pleas specifically denying the truth of the allegations in plaintiffs' petition upon which they contested the validity of the document as the last will and testament of the deceased which has been set out above. The defendant further pleaded specially the probate proceedings in Los Angeles, Cal., as res adjudicata of the matter judicially determined in the proceedings, and which judgment was urged as conclusive and binding upon the courts of Texas under the full faith and credit provisions of article 4, section 1, of the Federal Constitution section 905 of the Federal Statutes (Rev. St.), and article 3365 of the 1925 Revised Statutes of this state.

The case was tried before a jury, and the following was the special issue submitted to them with the finding thereon, to wit:

"Issue No. 1: Was the instrument referred to and credited to be the will of John L. Jackson, a photostatic copy of which is in evidence before us, signed by John L. Jackson? Answer Yes or No." To which the jury answered, "No."

Another issue relative to the alleged mental capacity of John L. Jackson at the time the document was executed was submitted, but no finding was made thereon by reason of the court's instructions to the jury that it would be unnecessary to make a finding on that issue in the event of a negative finding on issue No. 1.

The judgment rendered by the district court following a recital of the verdict of the jury just noted contains the following:

"And the undisputed evidence showing that more than four years have elapsed since the death of the said John L. Jackson, deceased, and no proof being offered that the party applying for the probate of such will was not in default in failing to present the same for probate within four years therefrom;

"And the undisputed evidence showing the said John L. Jackson, deceased, was at the time of his death a resident of the State of Texas, and not of the State of California.

"It is, therefore, ordered, adjudged and decreed by the court that the ancillary probate of such alleged will of John L. Jackson, deceased, and the order appointing G. A. Holland administrator and executor of the estate of the said John L. Jackson, deceased, be vacated, set aside and held for naught; and that the provisions of such alleged will so filed in County Court of Parker County, for ancillary probate, and in the Deed Records of Parker County, Texas, be annulled and

suspended, and that the plaintiffs herein recover of and from G. A. Holland and sureties on his certiorari bond all costs in this behalf expended, and that execution issue against the said G. A. Holland and the said sureties on the certiorari bond herein.

"It is further ordered that execution issue in favor of the officers of this court against all the parties hereto for all costs by them respectively incurred.

"It is further ordered that a certified copy of this judgment be forthwith certified and transmitted to the clerk of the County Court of Parker County, Texas, from which this cause by certiorari was appealed to this court for the observance of such county court; and that the original papers be returned to the clerk of said court, who shall file such certified copy of such judgment and order and record it upon the minutes of the court and enter it upon the docket of such court."

From the judgment so rendered, the defendant G. A. Holland was prosecuted this appeal.

The record before us reflects that prior to April 5, 1921, an application was made in the county court of Tarrant county to probate the document referred to above as the last will and testament of John L. Jackson, deceased, which was duly contested, and after considerable litigation growing out of those proceedings a compromise settlement was entered into on April 5, 1921, between the several claimants of interests in the estate of said deceased, by the terms of which it was recited that the decedent had died leaving a will disposing of his entire estate, of the estimated value of $435,000; that Sarah Vestal Jackson, as the widow, and Robert Ingersol Jackson, as the son, of deceased, had filed a contest of the validity of the will; that Will A. Jackson was a brother of the deceased, J. B. Smith, a half-brother, and Mrs. Georgia-Young-Jackson-Wilson claimed at one time to have been the wife of the deceased; and that by the terms of the will a certain portion of the estate had been devised to the National Spiritualists Association; that all parties just named had agreed upon a settlement and adjudication of the claims of each and all of those parties against the estate. The agreement then provided that the National Spiritualist Association should receive $75,000 net, and the other parties should receive the remainder of the estate after deducting that sum in the following proportions, to wit: two-sixths to Mrs. Sarah A. Vestal Jackson; one-sixth to Will A. Jackson and J. B. Smith; three-sixths to Robert Ingersol Jackson and his mother, Georgia-Young-Jackson-Wilson. There was a further provision that all those parties except the Spiritualists Association should jointly oppose any other claims that might be asserted against the estate, and divide between them any amounts that might be recovered by them in such a controversy in the proportions shared by them in the estate set out in the agreement.

On the 24th day of June, 1921, Mrs. Sarah Vestal Jackson executed to Dan E. Lydick and Walter B. Scott a deed of conveyance to an undivided one-sixth interest in and to the estate of John L. Jackson, deceased, that being one-half of the interest set apart to her, under the division agreement mentioned above; and in that conveyance the grantor recited that she was the lawful widow by marriage of John L. Jackson, deceased. On the same date, Mrs. Sarah Vestal Jackson also executed a like deed of conveyance to W. A. Hanger, A. J. Baskin, and W. B. Ammerman of the remaining one-sixth interest in the estate of said decedent. In the division agreement between the parties it was recited that theretofore Sarah Vestal Jackson, as the wife, and Robert Ingersol Jackson, as the son, of John L. Jackson, deceased, and that the division agreement of Tarrant county of the will of said deceased, and that the divison agreement executed by all parties was for the purpose of settlement of the litigation and claims of each and all of the parties thereto against the estate. And the record here shows that the document which was admitted to probate in the superior court of Los Angeles county, Cal., as the last will and testament of said deceased, was the same document that was attempted to be probated in the county court of Tarrant county, Tex., and that no final decree of probate of the instrument as such will was ever rendered by the county court of Tarrant county, or any other court of Texas; the division agreement referred to above being executed as a compromise settlement of that litigation.

■■ It thus appears that Robert Ingersol Jackson, Dan E. Lydick, and Walter B. Scott, who instituted this suit to contest the validity of the purported will of deceased and to vacate the order theretofore made by the county court of Parker county admitting that document to probate, upon the filing therein of the certified copies of the record and proceedings in the superior court of Los Angeles county, Cal., under the provisions of article 3352, Revised Civil Statutes of 1925, had a sufficient interest in the estate of deceased to entitle them to maintain the suit, which right was expressly given by the provisions of article 3352 and also article 8301, Rev. Civ. St. 1925. Furthermore, appellant did not file any plea in limini challenging plaintiffs' right to institute the suit for lack of interest in the controversy. Accordingly, appellant's assignment of error, to the effect that plaintiffs failed to show such interest in the estate as to authorize them to maintain the suit, is overruled.

■ A number of assignments of error and propositions are presented in appellant's brief, all presenting in different forms the one contention that under and by virtue of

the provisions of section 1, article 4, of the Federal Constitution, commonly known as the full faith and credit clause of the Constitution, and section 905 of the Federal Statutes (Rev. St.) passed in pursuance thereof, the judgment of the superior court of Los Angeles county, Cal., admitting the document in controversy to probate as the last will and testament of deceased, is res adjudicata of all the issues involved in the probate proceedings in that court, including the determination by that court of its jurisdiction to admit the document to probate, and also its determination and decree that the document had been duly executed by John L. Jackson, deceased; and that by reason thereof that judgment was binding upon the county court of Parker county, where the ancillary probate proceedings were instituted, and also upon the district court to which the 'case was removed.

In Re Clark's Estate, 148 Cal. 108, 82 P. 760, 1 L. R. A. (N. S.) 996, 113 Am. St. Rep. 197, 7 Ann. Cas. 306, the Supreme Court of California held that the probate of a will in one state affected title only to property situated in that state and did not affect title to property in another state, as shown by the following excerpts from the opinion:

"Recognition would be given to the indisputable principle that every state has plenary power with respect to the administration and disposition of the estates of deceased persons as to all property of such persons found within its jurisdiction. * * * The judgment admitting the will to probate is valid in all other states only as to the property within the jurisdiction of the court pronouncing the judgment. It has no extraterritorial force, establishes nothing beyond that, and does not dispense with nor abrogate the formalities and proofs which may be exacted by other jurisdictions in which the deceased also left property subject to their laws of administration. 1 Woerner's Adm. *491. And in this connection it would be further pointed out that, if the position contended for by appellant is sound, it involves upon the part of the state a formal surrender of so much of its sovereignty and right of primary jurisdiction, conferring that upon foreign states, and at the same time, to this extent, is subversive and destructive of the rights of its citizens. It would be said with exact truth that the full faith and credit which is accorded to the adjudications of sister states is a full faith and credit, consonant with complete jurisdiction and control of the sovereign state over all its inhabitants, and over all the property within its boundaries. No less would the practical hardships of such an interpretation be pointed out, because, if it were so that all wills therein including domestic wills of residents of this state, could be primarily proved in a foreign jurisdiction, and by mere exemplification of that proof be entitled to ancillary probate under the laws of this state, it would result in numerous instances that wills of residents of this state would be probated in foreign jurisdictions without the knowledge of those in interest resident in this state, and without an opportunity to them afforded of raising any question of fraud, insanity, undue influence, or the like, affecting the validity of the instrument. Further, it would be pointed out with justice that, if the construction contended for be the true one, it is arrived at by obliterating all distinction between the probate of domestic and foreign wills, by refusing recognition to the language of the Code classifying these foreign wills, and by a surrender of the state's original jurisdiction in these matters, with the result that it places the state of California in an anomalous class by itself. For neither the laws 'of Great Britain nor of any sister state of the United States ever have permitted, and we venture to say never will permit, any such doctrine, and it may be safely added that no civilized country in the world has ever entertained it."

The case of Selle v. Rapp, 143 Ark. 192, 220 S. W. 662, 13 A. L. R. 494, involved a contest of the ancillary probate of a will in the probate court of White county, Ark., that had been originally probated in Hunterdon county, N. J. The trial court peremptorily instructed a verdict against the contestants. Upon appeal, the Supreme Court of Arkansas reversed that judgment, saying in part:

"This cause was submitted and verdict directed upon the theory that a will probated in another state must be admitted to ancillary probate in this state without the right to contest except for insufficiency of the proofs of foreign probate and nonresidence of the testator in the foreign jurisdiction. The theory upon which the cause was submitted cannot be upheld by the 'full-faith and credit' clause of the Constitution of the United States, in so far as the will related to property in the state of Arkansas, and especially in so far as it related to real estate located in Arkansas. The probate proceedings in New Jersey only related to and affected property devised by the will in that jurisdiction. So far as real estate is concerned, the rule seems to be universal that the disposition thereof in any mode is governed by the laws where situated, and not by the laws pertaining to a devise of said real estate in the district where a will devising same is probated. Apperson v. Bolton, 29 Ark. 418; Crossett Lumber Co. y. Files, 104 Ark. 600, 149 S. W. 908. In the latter case it was said:

" 'The general rule, without any diversity of opinion, is that the alienation, transmission, and descent of real estate is governed by the laws of the country or state in which it is situated.' "

A multitude of authorities might be cited to the same effect as the foregoing, such as Burbank v. Ernst, 232 U. S. 162, 34 S. Ct.

299, 58 L. Ed. 551; Holyoke v. Holyoke, 110 Me. 469, 87 A. 40; Scripps v. Wayne Probate Judge, 131 Mich. 265, 90 N. W. 1061, 100 Am. St. Rep. 614; Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442; Dibble v. Winter, 247 Ill. 243, 93 N. E. 145; Opp v. Chess, 204 Pa. 401, 54 A. 354; Kirkland v. Calhoun, 147 Tenn. 388, 248 S. W. 302; McGovern v. McGovern, 192 Iowa, 1196, 186 N. W. 60; McEwan v. Brown, 176 N. C. 249, 97 S. E. 20.

We have been cited to no decisions, and have found none, which, in our opinion, conflicts with those referred to above.

Upon the authorities cited, we overrule all assignments of error and propositions to the effect that the judgment of the trial court was in contravention of the full faith and credit clause of the Federal Constitution.

While, as is settled by the authorities cited, as between it and another state, each state has the sole and exclusive jurisdiction of property within its boundaries, and its courts are not bound by any judgment of a sister state which purports to affect title to such property, yet as a matter of public policy of this state, or perhaps of comity, the Legislature of this state has seen fit to give effect to decrees of sister states probating wills of persons owning property in this state, to the extent that as ancillary to such proceedings the will may also be admitted to probate in this state upon duly certified copies of those proceedings, and when that is done the will shall have the same force and effect in this state as if it had been originally probated in this state. Such are the provisions of article 3352 of our statutes. And by article 8301 it is provided that when any will which purports to dispose of any land in this state has been duly probated in another state, duly certified copies of the will and such probate proceedings may be filed and recorded in the register of deeds in any county in this state in which such real estate is situated in the same manner as deeds of conveyance are required to be recorded without further proof of authentication. But each of those articles of our statutes contains an express provision that the validity of such a will may be contested in this state in the same manner as the original might have been; and under the article last cited such a contest may be made in a proceeding instituted for that purpose at any time within four years from the date of such registration of the will in this state.

Article 3365, cited by appellee, provides that when a duly certified copy of such will and the probate thereof by the probate court of a sister state has been filed and recorded in the county court of this state having jurisdiction of the estate, then letters testamentary shall be granted to the foreign executor upon application therefor, and an order to that effect shall be entered upon the minutes of the county court in which such ancillary proceedings are instituted. That article contains no proviso, as the other two articles noted above, to the effect that letters testamentary so executed shall be revoked if the will is successfully contested under the provisions of the two articles noted above, yet it seems clear to us that if the will is annulled in such a contest a judgment to that effect necessarily would automatically also annul the ancillary letters of administration theretofore issued in this state; and we accordingly overrule appellant's contention to the contrary.

There was ample evidence to support the findings of the jury that John L. Jackson never executed the instrument in controversy purporting to be the last will and testament which was admitted to probate in the superior court of Los Angeles county, Cal.; and also the finding of the trial court in this case that John L. Jackson was at the time of his death a resident citizen of the state of Texas and not of the state of California.

Upon each and both of those findings the judgment of the trial court from which this appeal is prosecuted is affirmed. Hence, it will be unnecessary for us to determine whether or not the trial court erred in the further implied finding, to the effect that the application for probate of the will was barred by the statute of limitation of four years; whether such finding be construed as referring to the application for ancillary probate in the county court of Parker county, Tex., only, or whether such finding be construed as referring to that proceeding and also to the application for probate in Los Angeles county, Cal. And it is to be noted here that aside from general allegations, in substance that all proceedings in California complied with the laws of that state, there was neither pleading nor proof by appellant that there was no statute of limitation in the state of California which would, if pleaded, be a bar to the application for probate when the same was filed, or that if there is such a statute it is for a longer period than the four years statute of limitation in this state, provided in article 3326, Rev. St. 1925. And it is to be further noted that the only service of citation in California that could, in any event, be binding on the plaintiffs herein, was the constructive service by publication mentioned above, and of which plaintiff had no actual notice.

For the reasons noted, the judgment of the trial court is in all things affirmed.

### On Motion for Rehearing.

Our opinion on original hearing contains this statement: "And the record here shows that the document which was admitted to probate in the superior court of Los Angeles county, Cal., as the last will and testament of said deceased, was the same document that was attempted to be probated in the county court of Tarrant county, Tex., and that no final decree of probate of the instrument as such will was ever rendered by the county court of Tarrant county, or any other court of Texas; the division agreement re-

ferred to above being executed as a compromise settlement of that litigation."

Upon a re-examination of the record, we find that it contains no proof of the facts so recited, and the quoted statement and all other statements to a like effect in the original opinion are hereby withdrawn. The record before us contains no showing either supporting the statement or refuting it; it is simply silent upon that issue. However, appellants' motion for rehearing embodies an allegation to the effect that the document purporting to be the last will and testament of John L. Jackson, deceased, which was attempted to be probated in the county court of Tarrant county, Tex., was not the same document that was probated in the superior court of Los Angeles county, Cal., and referred to in our original opinion. In support of that allegation, appellant cites the opinions of the Court of Civil Appeals sitting in San Antonio, Tex., in two cases, entitled Warne v. Jackson et al., the first reported in 230 S. W. 242, and the second in 273 S. W. 315. In both of those opinions it appears that the document which was attempted to be probated in the county court of Tarrant county, Tex., was one in which the appellant Warne was named as executor, and that the probate of it was successfully contested by Sarah Vestal Jackson, claiming to be the surviving wife of John L. Jackson, and Robert Ingersol Jackson, claiming to be the son of the deceased. If it be true, as insisted by appellant, that this court can take judicial cognizance of the facts recited in those opinions, then it would follow that the document offered for probate in Tarrant county was not the same as that which was probated in Los Angeles county, Cal. But whether or not that be true is wholly immaterial to the conclusions we reached on original hearing in the disposition we made of this appeal. The erroneous statement was the result of an inference we drew from the reading of the record and was made merely in an effort to give a history of the facts relating to the controversy before us. Hence, the point made by appellant, and stressed with so much earnestness in his motion for rehearing, that we have overruled the decisions of the Court of Civil Appeals of San Antonio in the cases cited above, is erroneous.

Upon examination of the record we find that in reply to the appellees' plea of the statute of limitation of four years within which an application for probate of a will must be filed, the appellant pleaded and proved section 1299 of the Statutes of California (Code Civ. Proc.), which reads as follows: "Any executor, devisee, or legatee named in any will, or any other person interested in the estate, may, at any time after the death of the testator, petition the court having jurisdiction to have the will proved, whether the same be in writing, in his possession or not, or is lost or destroyed, or beyond the jurisdiction of the state, or a noncupative will."

Therefore the statement in the concluding portion of our original opinion that there was no pleading or proof by appellant of such a statute is withdrawn. However, as shown in our opinion, the conclusion we reached in disposing of the appeal was in no manner predicated upon the implied finding by the trial court sustaining the appellees' plea of limitation. On the contrary, we expressly said that we affirmed the judgment of the trial court solely on other findings by the court and jury.

With the corrections noted above, the appellant's motion for rehearing is in all things overruled.