Woodruff v. Schultz.

---

## WOODRUFF v. SCHULTZ.

1. **Administrator**: ANCILLARY ADMINISTRATION. A presumption will be indulged in favor of the regularity of the appointment of an administrator in another State, and his consequent appointment as ancillary administrator here, to dispose of property in this State, upon proper application therefor, may be made after five years from the death of the intestate.

*Appeal from Mills Circuit Court.*

FRIDAY, OCTOBER 25.

ACTION upon a promissory note. There was a judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*D. H. Solomon,* for appellant.

*E. B. Woodruff, pro se.*

BECK, J.—The defendant filed an amended answer setting out that plaintiff was appointed administrator upon his petition representing that the intestate had died in Pennsylvania in 1871, and letters of administration had been duly issued there, and that decedent had left property in this State, consisting of the promissory note in suit. The original letters of administration, issued in Pennsylvania, were made an exhibit to the petition asking the appointment of plaintiff as administrator. The amended answer further shows that the intestate died in Iowa more than four years prior to the appointment of plaintiff, and the representation that he died in Pennsylvania, upon which the appointment was made, was false and fraudulent. The answer asks that the order making the appointment of plaintiff be revoked, and that the trial in this case be postponed until the matter alleged by defendant can be heard and determined. This pleading, upon motion of plaintiff, was stricken from the files.

We think the ruling of the Circuit Court was correct, for the following reasons: The fact that the intestate died in

1. ADMINIS-
TRATOR: an-
cillary admin-
istration.

Iowa is no reason why administration could not be granted upon his estate in Pennsylvania; the proceedings in that State are not shown to be without jurisdiction. For aught that appears in the record, the intestate was a citizen of Pennsylvania, having an estate there. In that case no question of the jurisdiction of the Pennsylvania court could be raised. Administration having been granted in Pennsylvania, the administrator would be entitled to appointment in this State upon the presentation of his letters to the proper court. Code, § 2368. The record fails to show that the plaintiff was not appointed administrator in Pennsylvania. We will exercise no presumpion against the regularity of the proceedings, but rather such as will support them. We will presume that plaintiff is the person appointed administrator by the Pennsylvania court. The administration granted by the Iowa court was not original.

*It could, therefore,* be granted after the lapse of five years from the death of the intestate.  Code, § 2367.

But, if it be true that plaintiff was not appointed by the Pennsylvania court, the administration granted in this State cannot be regarded as original, for its object was to dispose of property not within the jurisdiction of the court first taking cognizance of the estate.  The provision of the Code, just quoted, does not prohibit the issuing of letters of administration in such cases.

For these reasons the answer stricken from the files failed to present a defense to plaintiff's action.  There was no error, therefore, in the Circuit Court's ruling.

We have not the evidence before us, and the record presents no other question than the one we have considered.

AFFIRMED.