CORRIGAN, EX'R, ET AL. v. JONES, ADM'R, ETC.

1. WILLS — THE FIRST PLACE OF PROBATE IS THE TESTATOR'S LAST DOMICILE — PRESUMPTION CONCERNING — HOW THE PROBATE AND RECORD MAY BE QUESTIONED.— A will should be first admitted to probate in the jurisdiction of the testator's last domicile; but in admitting a will to probate the court must be presumed *prima facie* to base its adjudication respecting the last domicile upon sufficient evidence, and, under such circumstances, the probate and record thereof can only be questioned by some appellate or direct proceeding.

2. LETTERS TESTAMENTARY OR OF ADMINISTRATION HAVE NO EXTRA-TERRITORIAL FORCE.— The general rule is that letters testamentary or of administration have no extraterritorial force.　When such letters have been duly granted in the jurisdiction of deceased's last domicile, they are the principal letters of authority, and those granted in other jurisdictions are ancillary.

3. HOW A WILL MAY BE PROBATED WHICH WAS FIRST ADMITTED TO PROBATE IN A FOREIGN STATE — LETTERS TESTAMENTARY MAY ISSUE THEREON.— A will admitted to probate in the court of another state having jurisdiction of such matters is, on the presentation of the duly certified record thereof, entitled to be admitted to probate and record in this state, and letters testamentary or of ad-

ministration may issue thereon as in other cases. The probate and record, under such circumstances, would seem to be mandatory; but the court is invested with discretion in the matter of issuing letters, but the discretion is not arbitrary. It must be sound and reasonable,— such as will secure the administration of the estate according to the will of the deceased, as well as with due regard to local creditors.

### Error to Bent County Court.

Messrs. STALLCUP & SHAFROTH and STEELE & MALONE, for plaintiffs in error.

Mr. GEORGE Q. RICHMOND, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

In October, 1884, the last will and testament of Owen Doherty, deceased, was admitted to probate and record in the probate court of Jackson county, state of Missouri, and thereupon letters testamentary were issued by said court to Bernard Corrigan, who was appointed executor in and by said will. The executor, Corrigan, is one of the plaintiffs in error in this proceeding. The property of the testator, as described in the will, consisted of "cattle and cattle ranches in Bent and Las Animas counties, in the state of Colorado."

Corrigan having procured a transcript of the record of the Jackson county probate court in the matter of the probate of said will, duly certified in the manner required by the act of congress in such cases, presented the same to the Bent county court, and asked that said will be admitted to probate and record in that court as provided by the statute of this state in such cases. The judge of the Bent county court thereupon issued a citation to the defendant in error, James C. Jones, who had theretofore been appointed administrator of said Owen Doherty by said Bent county court, notifying said Jones to appear and show cause, if any he had, why said will should not be admitted to probate in said Bent county

court, and letters testamentary be granted to said Corrigan, and the letters of administration heretofore granted to said Jones be revoked.

Jones appeared, and by his attorney protested against the probate of said will, and against the granting of letters testamentary to said Corrigan. The grounds of protest may be considered under two principal heads: *First*, that the probate of the will by the Missouri court was invalid, inasmuch as the domicile of Doherty at the time of his death was in Bent county, Colo., and not in Jackson county, Mo.; *second*, that letters testamentary could not lawfully issue to said Corrigan, he being a non-resident of the state of Colorado.

Corrigan, by his attorney, filed a written brief and argument in response to the protest of Jones. The court, having considered the argument of counsel, without taking any evidence as appears by the record, rendered judgment refusing to admit said will to probate, and refusing to grant letters testamentary to said Corrigan until the will of said Doherty should be proved to the court in a satisfactory manner. To reverse this adjudication the case is brought to this court by writ of error.

Plaintiffs in error rely upon section 27 of the statute of wills (ch. 115, Gen. St. Colo.) in support of their claim to have the will of Doherty admitted to probate in this state upon the certified record of its probate in the Missouri court.

In support of his protest on the ground of domicile, appellee relies upon the recital at the beginning of the will, as follows: "I, Owen Doherty, of the county of Bent, in the state of Colorado, temporarily residing in Kansas City, Missouri."

The will bears date February 7, 1884. It was offered for probate in the Missouri court on July 8th of the same year. The precise date of Doherty's death does not appear, but it may have been five months after the execu-

tion of the will; so that, whatever weight the recital in the will may have as evidence of the testator's domicile at the time of its execution, it is not conclusive of that question, and is but a circumstance indicating his domicile at the time of his decease. Besides, the record of the probate of the will declares the same to be " the last will and testament of Owen Doherty, deceased, late of Jackson county."

In admitting the will to probate the Missouri court must be presumed *prima facie* to have based its adjudication respecting the domicile of Doherty at the time of his decease upon sufficient evidence. Under such circumstances, the probate of the will, and the record thereof, can only be questioned by some appellate or direct proceeding. Const. Mo. art. 6, § 34; 1 Rev. St. Mo. 1879, §§ 1176, 3974; Wells, Juris. § 274; 2 Greenl. Ev. § 672; *Woodruff v. Schultz,* 49 Iowa, 430; *Bostwick v. Skinner,* 80 Ill. 147; *Monell v. Dennison,* 17 How. Pr. 422; *Irwin v. Scriber,* 18 Cal. 500; *Thompson v. Tolmie,* 2 Pet. 157; *Inhabitants of Ward v. Oxford,* 8 Pick. 476.

The will, having been duly admitted to probate in Missouri, should, on the presentation of the duly-certified record thereof, have been admitted to probate and record in this state, and letters testamentary should have issued thereon to the executor named in the will, or letters of administration with the will annexed should have been granted thereon as in other cases, according to the provisions of General Statutes of Colorado, chapter 115. Our statutes in this respect are based upon principles of comity. The general rule is that letters testamentary or of administration have no extraterritorial force. When such letters have been duly granted in the jurisdiction where the deceased had his last domicile, they are regarded as the principal letters of authority, and those which may be required in other jurisdictions, where property of the deceased requiring administration may be located, are

considered as ancillary merely. Schouler, Ex'rs, ch. 7; *Shephard v. Rhodes*, 60 Ill. 301; *Davis v. Estey*, 8 Pick. 475; 1 Redf. Wills, 397.

In support of his second ground of protest, appellee cites section 36, chapter 22, of our General Statutes, which provides, in substance, that any executor or administrator *appointed in this state* who shall remove without the limits of the state shall, *under certain circumstances*, be removed from his office as such executor or administrator. This section falls short, however, of sustaining the position of appellee that a non-resident executor, deriving his authority *under a will*, may not receive in this state letters testamentary, ancillary to those granted to him upon an authorized probate of the will in the state of the testator's last domicile.

The case of *Child v. Gratiot*, 41 Ill. 357, is also cited by appellee as sustaining the doctrine that a non-resident cannot, under any circumstances, be permitted to exercise the office of executor or administrator in this state. The opinion in that case is based upon a statute somewhat different from ours. Laws Ill. 1847, p. 63; 1 Starr & C. Ann. St. ch. 3, par. 31.

Besides, the facts of that case are not analogous to those under consideration. That was a case of a nonresident administrator. The statute of Illinois above cited, as construed in *Child v. Gratiot*, makes removal from the state a cause for the removal of any executor or administrator from his office. Section 21, Revised Statutes of Colorado, 1868, page 525, was similar to the Illinois statute; but, as amended (sec. 24, Gen. Laws 1877, p. 260), removal from the state is a ground of removal from office only when the executor or administrator is "appointed in this state." In the case of executors the change is significant. Executors, though receiving their letters from the court, derive their appointment as well as their authority primarily from the will itself, while

administrators derive their authority and appointment directly from the court.

A non-resident executor deriving his authority and appointment from a will executed abroad, and admitted to probate in the jurisdiction of the testator's last domicile, may come to this state, and, upon presenting a record of the probate of such will, duly certified, is entitled to have the same admitted to probate and record in this state, and thereupon letters testamentary or of administration *may issue* thereon as in other cases. Gen. St. 1883, ch. 115, § 27. The probate and record of the will, under such circumstances, would seem to be mandatory; but the court is doubtless invested with some discretion in the matter of the issuance of letters testamentary or of administration. But the discretion is not an arbitrary one. It must, be sound and reasonable,— such as will secure the administration of the estate according to the will of the deceased, as well as with due regard to local creditors. Such would seem to be the proper construction of our statutes of wills and administration, and such is the doctrine of the standard authorities heretofore cited upon the subject.

Our conclusion is that it was error to refuse to admit the will of Doherty to probate and record in this state; and that, the will being probated, letters testamentary should issue thereon to the executor named therein, unless it be made to appear to the court that such executor is in some manner disqualified, or incapable of administering upon the estate of the non-resident in this jurisdiction, with due regard to the rights, interests and convenience of local creditors; in which case letters of administration with the will annexed should be granted, as provided by section 31 of the statute.

The judgment of the county court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*