## Opp, Appellants, v. Chess.

*Will—Foreign will—Probate—Real estate—Formal decree of probate.*

The effect of the Act of 1705, 1 Sm. L. 33, and the Act of March 15, 1832, P. L. 135, is to give to foreign wills proved and recorded as provided by these acts in this state, the same force as if they were domestic wills regularly proved and recorded. If no contest is commenced within three years as provided by the Act of June 25, 1895, P. L. 305, the probate of the will is conclusive as to real estate in this state. In such a case the failure of the record to show the entry of a formal and specific decree of probate is immaterial.

In probating a will the register acts judicially under power conferred and defined by statutes which do not require the entering of a formal decree, and an adjudication by him will be presumed from the fact that the foreign will is admitted to the records of his office.

Argued Oct. 27, 1902. Appeal, No. 17, Oct. T., 1902, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1900, No. 174, on verdict for defendants in case of Clara Opp et al. v. Goodman Y. C. Chess et al. ˙ Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in the borough of Coraopolis and Moon township. Before FRAZER, P. J.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*H. M. Scott*, with him *Charles E. Brown*, for appellants.— To make a will executed out of this state by a nonresident of this state lawful evidence of title to land in Pennsylvania, we maintain that it must meet the following requirements, viz : It must be (1) a valid will under the laws of Pennsylvania ; (2) lawfully probated in Pennsylvania ; (3) not annulled, disproved or revoked : Pepper's Estate, 148 Pa. 5 ; Beltzhoover v. Gollings, 101 Pa. 293.

A foreign will can only be lawfully proved or probated in Pennsylvania by complying with the requirements of the acts of 1832 and 1856.

The only way in which a will can now be proved or probated is by proceedings in the office of the register of wills of the proper county : Wilson v. Gaston, 92 Pa. 207 ; McCay v. Clayton, 119 Pa. 133 ; Cochran v. Young, 104 Pa. 333. ,

The order of a register of wills in admitting or refusing to admit a testamentary paper to probate having the force and effect of a judicial decree, the records in the register's office ought to specifically and affirmatively show that such a decree had been entered by the register, and when and˙ what it was : Miller v. Meetch, 8 Pa. 417 ; Barstow v. Sprague, 40 N. H. 27 ; Wall v. Wall, 123 Pa. 545 ; Cochran v. Sanderson, 151 Pa. 591.

*Charles P. Orr,* of *Lazear & Orr,* for G. Y. C. Chess, Burt Dunlap and J. W. Riley, with him *W. A. Challener,* for Pittsburg, Neville Island & Coraopolis Street Railway Company; *Reed, Smith, Shaw & Beal,* for Pittsburg & Lake Erie Railroad Company; *S. Duffield Mitchell,* for W. L. Mellon Pipe Lines and Southwest Pennsylvania Pipe Lines; *R. W. Cummins,* for the Forest Oil Company; *John G. MacConnell,* for the Pittsburg Refining Co., appellees.—Everything was done which was reasonably necessary to give to this will the same legal force and consequence as if it had been a domestic will regularly proved and recorded in our state: Hoysradt v. Tionesta Gas Company, 194 Pa. 251; Holliday v. Ward, 19 Pa. 485; Guthrie v. Kerr, 85 Pa. 303; Lovett v. Mathews, 24 Pa. 330; Coleman's App., 163 Pa. 334; Gemmell v. Wilson, 40 Kan. 764; Wettach v. Horn, 201 Pa. 201; Broe v. Boyle, 108 Pa. 76.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

The will of a married woman who died while domiciled in Ohio was admitted to probate in that state in November, 1889. In March, 1892, a properly certified copy of the will and of the proceedings admitting it to probate were filed in the register's office of Allegheny county, Pennsylvania, and the will and certificates were copied at length in a will book in that office. The husband of the testatrix was the sole devisee under her will. In March, 1892, he conveyed the real estate devised, which was situated in this state, to the grantor of the defendants in the ejectment. In July, 1896, proceedings to contest the will were instituted in Ohio, and terminated in March, 1898, in a judgment in favor of the contestants. In October, 1899, the heirs at law of the testatrix, having secured a conveyance to themselves of the husband's interest in the real estate, as tenant by the curtesy, brought this action.

The will was executed in the manner prescribed by the laws of this state, and the testimony of the subscribing witnesses conformed to the requirements of our laws, but no letters testamentary nor of administration cum testamento annexo were issued. It will be observed by the dates named that no proceedings were had in the state of Ohio to set aside the will until more than six years after the date of the decree admitting it to probate, and the validity of the will was not called into

question by proceedings in this state until almost ten years after the decree was made, and more than seven years after a certified copy had been filed in the office of the register of Allegheny county.

The effect of the Act of 1705, 1 Sm. L. 33, and the Act of March 15, 1832, P. L. 135, is to give to foreign wills proved and recorded as provided by these acts in this state the same force as if they were domestic wills regularly proved and recorded: Hoysradt v. Tionesta Gas Co., 194 Pa. 251 The 7th section of the act of April 22, 1856, provides that the probate by the register of the proper county of any will devising real estate shall as to such realty be conclusive unless within five years of the date of such probate those interested to controvert it shall contest its validity. The limit of time is now reduced by the Act of 1895, P. L. 305, to three years. No contest having been commenced within the period of time fixed by the act, the probate of the will is conclusive as to the real estate in question, unless the failure of the record to show the entry of a formal and specific decree of probate is a fatal defect which invalidates the proceeding in the register's office of Allegheny county. This is the appellant's first contention, and unless it is sustained, the others need not be considered.

While there is no decision directly in point on this question, it has been held in a number of cases that a presumption of probate arises from acts of the register that would be unauthorized and unlawful if the will had not been proved. In Holliday v. Ward, 19 Pa. 485, it was said by BLACK, C. J. : " It is not usual to enter a formal decree of probate on the record, but the want of it is not fatal. It will be presumed from the issuing of letters testamentary, or perhaps from other acts of the register which he would have no legal right to do in a case where proof of the will had failed." In Guthrie v. Kerr, 85 Pa. 303, in referring to a paper purporting to be a will, as to which no action had been taken by the register, it was said : " If it had been expressly declared to be proved, if without that it had been recorded, or letters testamentary or of administration cum testamento annexo had been issued, or perhaps if it had been simply filed, an adjudication by the officer would be presumed." To the same effect are Coleman's Appeal, 163 Pa. 334, and other cases.

In principle these cases govern the one under consideration. In the first two the wills were executed in the state, but there is no ground for a distinction between the judgment of a register admitting to probate a domestic will on the oaths of witnesses, and his judgment on a foreign will proved here by a duly certified record. His jurisdiction in both cases is derived from the same source, and the same rule of policy should apply to them: Lovett's Executors v. Mathews, 24 Pa. 330. In probating a will, the register acts judicially under power conferred and defined by statutes which do not require the entering of a formal decree, and an adjudication by him will be presumed from the fact that a foreign will is admitted to the records of his office.

The judgment is affirmed.