STATE EX REL., ATTORNEY GENERAL *v.* WRIGHT.

4-4752

Opinion delivered October 18, 1937.

*Jack Holt,* Attorney General, and *C. Floyd Huff,* for appellant.

*Marshall Purvis,* for appellee.

McHANEY, J. On November 19, 1935, W. S. Hickman died in St. Joseph Hospital, in the city of Hot Springs, Garland county, Arkansas, where he had been a patient for some time. Thereafter, on the 27th day of November, 1935, one Harmon Danield filed in the county court of Grayson county, Texas, for probate, a writing purporting to be the last will and testament of said W. S. Hickman, deceased. Thereafter, on December 9, 1935, the county court of said county in Texas admitted the purported will of said Hickman to probate. By the terms of the said will, two-thirds of the estate of the decedent was bequeathed to said Harmon Danield, and the remaining one-third thereof to appellee Homer K. Wright. The purported will recites that the said Hickman was a resident of Hot Springs National Park, Ark-

ansas. Appraisers were appointed by the county court of Grayson county, Texas, who appraised said estate at $59,057.45, consisting entirely of cash in two banks. Said Danield was appointed by said court, as the executor of said purported will to serve without bond and, in his final account, reported the payment of several claims against the estate of said decedent to creditors of Hot Springs, Garland county, Arkansas. The will nominated Harmon Danield as executor and directed that he be appointed to serve as such without bond. In his petition to the probate court of Grayson county, Texas, said Danield alleged that he was a resident of Hot Springs, Arkansas, and also that Hickman died in Hot Springs, Arkansas, where he had resided and had his domicile before his death and that he had no relatives or kindred in the state of Texas as far as he knew. One of the subscribing witnesses testified that he had known the decedent for about eight years and that he knew him to be a resident of Hot Springs, Arkansas, the witness himself being a resident thereof. On December 28, 1935, said executor, Harmon Danield, filed his final account and on the same day, the county court made an order approving the final account as filed by the executor and closed the said estate.

On April 7, 1936, the appellant filed a petition in the probate court of Garland county, Arkansas, alleging that said Hickman was a citizen of Hot Springs, Arkansas, and died intestate on November 19, 1935, leaving no widow and no heirs-at-law entitled to inherit and that, therefore, the said estate of W. S. Hickman escheated to the state of Arkansas, which estate was alleged to be of the value of $59,057.45, consisting of cash and United States securities in the hands of the First National Bank of Dallas, Texas, and the Merchants and Planters Bank of Sherman, Texas. It was further alleged that on November 14, 1935, Harmon Danield lodged with the clerk of the probate court of Garland county, Arkansas, a writing purporting to be the last will and testament of said Hickman; that on the following day, the said writing was withdrawn by the attorney for said Danield; that the writing purporting to be said will was not Hick-

man's will, but was a writing gotten up as a bogus will by said Danield and appellee Wright, who conspired together to cheat the state of Arkansas out of the estate of said Hickman by fraudulently concocting said writing; that the purported will was never signed by Hickman, never declared to be his will and never executed by him; that said Danield and Wright, knowing that said Hickman was a resident of Garland county, Arkansas, and that they could not carry out their fraudulent scheme in the probate court of that county, took said will to Grayson county, Texas, where, upon the proof of one witness, Van Buren Holmes, who was a confederate of said Danield and Wright in their scheme to get said estate, and there offered said will for probate; that the Texas court unlawfully entered an order probating said will; that said order of the county court of Grayson county, Texas, was fraudulent and void, and of no effect; that the estate should have been administered by the probate court of Garland county, Arkansas; that there has been no application made by any representative or creditor for administration, and that there is no one besides appellant, who, is in any way, interested in said estate. It was prayed that said Garland probate court appoint F. L. Thompson as administrator and that letters of administration be issued to him. The Garland probate court entertained said petition, granted the prayer thereof, made an order finding that said Hickman died intestate on or about the 19th day of November, 1935, and other findings in accordance with the allegations of said petition. Said Thompson was appointed administrator, and accepted the appointment, giving bond as such. Thereafter, in July, 1936, appellee, Wright, prayed and was granted an appeal to the Garland circuit court, where he filed a motion to quash the proceedings had in the Garland probate court, and to cancel the letters of administration issued to said Thompson. He offered in evidence an authenticated copy of the entire record and proceedings in the county court of Grayson county, Texas, to which appellant objected and excepted to the introduction thereof. Appellant offered to prove that Hot Springs was the residence of said

Hickman, but, on objection from appellee, the court refused to hear said evidence on the ground that the court had no jurisdiction to determine that question because it had been adjudicated by the Texas county court, and that the record failed to show that the decedent, Hickman, had any personal property in this state.

In the record, appears an order of the county court of Grayson county, Texas, which is the county in which Sherman is located, filed and entered May 6, 1936, amending its previous order which recited that said Hickman was a resident of Hot Springs, Garland county, Arkansas, so as to make it recite that the deceased was a resident of Hot Springs, Arkansas, temporarily, but that he "lived and maintained his permanent *bona fide* domicile in the city of Sherman, Grayson county, Texas, and was a citizen of the state of Texas, and that, at the time of his decease, the greater portion of his known property was located in the city of Sherman within the county of Grayson and state of Texas, and that he was temporarily residing in the city of Hot Springs, Garland county, Arkansas, and residing there temporarily on account of his health at the time of his decease and that Harmon Danield, the administrator named in the last will and testament of W. S. Hickman, deceased, was *bona fide* domiciled in the city of Sherman, Grayson county, Texas, and temporarily residing in the city of Hot Springs, Garland county, Arkansas, and that he was a citizen of the state of Texas." This order *nunc pro tunc* recites that it was made on the evidence produced and on the court's own personal knowledge, so as to make the record speak the truth.

Thereafter, the circuit court sustained the motion to quash the orders and proceedings had in the Garland probate court on the ground that the Texas court had fully adjudicated all of the questions involved under the law of the state of Texas and that the probate court of Garland county was without jurisdiction to proceed in the premises and that the letters of administration issued to said Thompson were null and void, *ab initio.*

Thereafter, appellee filed an amended and substituted motion to quash proceedings and, on February 23,

1937, the court sustained said motion. Appellant, thereafter, and in apt time, filed its motion for a new trial which was overruled and the case is here on appeal.

For a reversal of the judgment against it, appellant contends that the full faith and credit clause of the federal Constitution did not preclude the probate court of Garland county, Arkansas, from inquiring into the domicile of the testator, nor from attacking the validity of the will. Appellee concedes, for the sake of argument at least, that the Garland probate court did have jurisdiction to determine the domicile of the decedent, but insists that it had no authority to determine the validity of the will which had already been determined by the Texas court. It is conceded by both parties that all of the estate of the decedent was situated in the state of Texas, but that the bulk was in the city of Sherman, Grayson county, Texas. Under Art. 3293, Vernon's Annotated Texas Statutes, vol. 9, it is provided: "Wills shall be admitted to probate, and letters testamentary or of administration shall be granted: 1. In the county where the deceased resided, if he had a domicile or fixed place of residence in the state. 2. If the deceased had no domicile or fixed place of residence in the state, but died in the state, then either in the county where his principal property was at the time of his death, or in the county where he died. 3. If he had no domicile or fixed place of residence in the state, and died without the limits of the state, then in any county in this state where his nearest of kin may reside. 4. But if he has no kindred in this state, then in the county where his principal estate was situated at the time of his death." Subdivisions 3 and 4, of the above statute, seem to be applicable to the facts in this case, assuming, for the sake of argument, that Hickman was, at the time of his death, an actual resident of the state of Arkansas. It has been many times held by the Texas court that "the court granting administration upon an estate determines the question as to its jurisdiction over the decedent's estate, and its judgment in this respect cannot be impeached in a collateral proceeding." A number of cases are cited in note 5 to the above statute, sustaining that declara-

tion. So, if it be conceded, contrary to the *nunc pro tunc* order of the Grayson county court, that Hickman had no domicile, or fixed place of residence in the state of Texas, and died in Arkansas, still his will was subject to probate and his estate to administration ''in the county where his principal estate was situated at the time of his death,'' which was Sherman, Grayson county, Texas. Our statute makes somewhat similar provisions to that of Texas. Section 10511, Crawford & Moses' Digest, provides that wills may be admitted to probate in the county of the testator's residence, but if he had no known place of residence in this state, and land is devised, then in the county where the land, or the greater part thereof, lies. But if no land is devised, then in the county where he died, or that wherein his estate, or the greater part thereof, shall lie, or where there may be any debt or demand owing to him. So, it would appear under our statute that the will of a person, known to be a non-resident of this state might be probated in any county in this state wherein his estate, or the greater part thereof, shall lie, and this is similar to the above provision of the Texas statute. Therefore, we are of the opinion that the probation of the will in Grayson county, Texas, was authorized under the laws of Texas, and the purported will, having been admitted to probate there, is not subject to attack here. The county court of Grayson county, Texas, had jurisdiction over the subject-matter, given it under the statute above quoted, and its judgment is conclusive as to the validity of the will on collateral attack, either in Texas or Arkansas. Appellant might have appealed from the order of the probate court in Texas, but it did not do so, and under the full faith and credit clause of the federal Constitution, we must hold that appellant is precluded from attacking the will in the courts of Arkansas. This conclusion, is supported by the great weight of authority and we think it would be a work of supererogation to undertake a review of the cases so holding.

We find no error, and the judgment is accordingly affirmed.

MEHAFFY, J., dissents.