No. 14,923.

ESTATE OF KRAGH.
FOSTER *v.* KRAGH.
(113 P. [2d] 666)

Decided April 7, 1941. Rehearing denied May 26, 1941.

Mr. HERBERT E. MANN, for plaintiff in error.

Mr. CLAY R. APPLE, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS controversy relates to the right of an interested party to contest, or preliminarily object to a petition for the admission of a foreign will to probate in this state.

Plaintiff in error—to whom we hereinafter refer as objector — as administrator of the estate of Kate M. Kragh, a devisee under the will in question, prior to its admission to probate, and as such administrator, filed objections to its probation in the county court of Weld

county, Colorado. These objections were overruled, and the will was duly admitted to probate. Thereafter objector appealed from the order and judgment of the county court to the district court. There defendant in error, Niels Kragh, hereinafter designated as proponent, filed a motion to strike the objections, which motion was treated by the trial court as a general demurrer, was sustained, and the order and judgment of the county court affirmed. Objector is here by writ of error to reverse this judgment. We have decided to dispose of the matter on objector's application for supersedeas.

The facts—for our purposes here assumed to be true—appearing from the written objections, so far as necessary to a determination of the questions presented, are as follows:

November 7, 1936, the last will and testament of Iver N. Kragh was executed in California, in which provision was made for the support and maintenance of his wife, Kate M. Kragh, with the remainder over to proponent, Niels Kragh and Christian Kragh. It appears that July 8, 1937, a petition was filed in the county court of Weld county which disclosed that Kate M. Kragh had been committed to an insane asylum in California April 20, 1937, on the application and affidavit of Christian Kragh, and that he participated in said proceeding. Pursuant to this petition said county court appointed objector conservator of the estate of Mrs. Kragh. Upon proper court authorization, objector brought a suit in the district court of Weld county, numbered 9600, wherein certain assignments and conveyances of said Kate M. Kragh to her husband, Iver N. Kragh, were sought to be set aside. In this case Christian Kragh appeared as a party defendant, and Niels Kragh subsequently became an intervener. After judgment was entered in this proceeding against objector, he sued out a writ of error in this court, and June 3, 1940, we reversed that judgment. *Foster v. Kragh*, 106 Colo. 249, 103 P. (2d) 480. In our opinion we there said: "The failure to probate it [Iver

N. Kragh will] and make the trust effective in its purpose to support Kate Kragh during her lifetime, would be a failure of consideration, * * * ." In case No. 9600 the trial court, and subsequently this court, determined that certain assignments and deeds from Kate Kragh to her husband, Iver N. Kragh, were predicated upon an agreement, the consideration of which was that the will should provide for her support and maintenance during her lifetime. In reversing the judgment as above noted, we remanded the cause for further proceedings not inconsistent with our decision. Subsequently thereto, and after the. filing of an intervention petition by Niels Kragh, the district court of Weld county in said case, September 19, 1940, found "that said Iver N. Kragh died on March 6, 1937, leaving surviving him his widow, Kate Kragh, who departed this life at Stockton, California on August 2, 1939, and that said purported Last Will and Testament was offered for probate in the Superior Court of Fresno, California on September 22, 1939. * * * That such failure to probate said purported Last Will and Testament during the Kate Kragh's lifetime constituted a failure of consideration in its purpose to support her during her lifetime." The legal effect of the holding of the trial court was, "that said purported Last Will and Testament of Iver N. Kragh, deceased, was wholly invalid and ineffectual as a basis of claim of ownership by claimants thereunder in so far as same affects property derived from or through said Kate M. Kragh, deceased, and that as to said property, her estate was and is entitled thereto."

After the death of Kate M. Kragh August 2, 1939, objector was permitted to appear in case No. 9600 as administrator of her estate, in substitution for his former relationship as conservator. Following the death of Iver N. Kragh, March 6, 1937, Christian Kragh retained possession of his father's will and did not offer it for probate during the lifetime of Kate M. Kragh, nor until September 22, 1939, some fifty days after her death. No

notice of this probate proceeding was given to objector.

It is further alleged in the objections that Christian Kragh "deliberately withheld said Last Will and Testament from probate and failed to notify her said personal representative thereof, with the result no opportunity has heretofore been afforded said personal representative to appear and protect the interests of her estate thereunder"; that the entire estate of said Iver N. Kragh consists of property derived from Kate M. Kragh, all located within the state of Colorado; that the offering of the will for probate in California was for the purpose of concealing the probate thereof from the heirs at law and personal representatives of said Kate M. Kragh, deceased, and for the purpose of fraudulently disposing of the real estate located in Colorado theretofore conveyed by Kate M. Kragh to Iver N. Kragh in consideration of the agreement made by Iver N. Kragh and Christian Kragh to use said property for the care and support of Kate M. Kragh during her lifetime.

After the trial court in case No. 9600 entered its judgment in favor of objector, September 19, 1940, proponent, four days later, commenced the instant proceedings by filing his petition for probate of the will in question in the county court of Weld county.

 One of the questions raised by the assignments of error concerns the legal right to contest a foreign will in this state. Whether such a right exists depends primarily upon our statutory laws; and no such question has heretofore been raised in this jurisdiction.

There is no provision in our statutes precluding the contest of a will executed in another state or objection to its admission to probate. The basic law in this state on probate matters is contained in chapter 181, Session Laws of 1903, page 469 (chapter 176, sections 62, 63 and 65, '35 C.S.A.), and all subsequent legislation on matters of probate relate to and spring from this act. Sections 36, 37 and 38 bear directly upon the problem before us, section 36 being the only section amended since 1903.

We will hereinafter again refer to this section. A proper interpretation of the legislative intent in passing these sections requires that they be read together. Section 37 (section 63, c. 176) begins with the following language: "On or before the day set for the hearing of the probate of *such will* * * * any person * * * desiring to contest said will, or object to the validity or legality of all or any portion of the contents thereof, shall file in the county court a caveat or objections. * * *." The words "such will," when read in connection with the preceding sections, particularly section 36, evidently include a foreign will. This appears to be the legislative intent. See, *Dibble v. Winter,* 247 Ill. 243, 93 N.E. 145. This construction also is in harmony with the spirit of our law, which, to satisfy due process, permits a hearing before any substantial rights are jeopardized.

██ Counsel for proponent contends that the objections here interposed are, under the circumstances, foreclosed by section 1, article IV, of the federal Constitution, to which reference is commonly made as the full faith and credit clause. No authority is cited to sustain this contention, and a number of states expressly provide for the contest of foreign wills. *Opp v. Chess,* 204 Pa. 401, 54 Atl. 354; *Woodville v. Pizatti,* 119 Miss. 442, 81 So. 127; *Hines v. Hines,* 243 Mo. 480, 147 S.W. 774; *Evansville Ice & Cold Storage Co. v. Winsor,* 148 Ind. 682, 48 N.E. 592. Moreover, no foreign probate court has jurisdiction over the subject matter—real estate—located in another state. Bancroft's Probate Practice, vol. 1, §140. To permit the contest of a foreign will in another state, where the real estate affected by the will is located, does not violate the full faith and credit clause of the federal Constitution. *Selle v. Rapp,* 143 Ark. 192, 220 S.W. 662, 13 A.L.R. 494.

██ Counsel for proponent contends that section 62, chapter 176, '35 C.S.A., as amended by chapter 271, Session Laws of 1937, page 1370, gives such an effect to a will executed in another state as requires its admission

to probate in this jurisdiction without the right to contest prior to such admission. Section 60(a) of the amendatory act (§62[a], c. 176, 1940 Supp., '35 C.S.A.), provides, in substance, that where a last will has been admitted to probate before any state or foreign court, a properly certified copy of such order or decree "shall entitle such will, testament or codicil to probate and record, without further proof of the execution thereof, and without notice to the heirs, legatees or devisees of the testator or testatrix." This section relates to proof and notice of a foreign will, not to an issue such as is presented in the instant case, and has no relevancy to the right of contest. Section 60(b) of the act (§62[b], c. 176, 1940 Supp., '35 C.S.A.) provides that after the admission of a foreign will the executor, trustee or other representative appointed under the will is empowered to execute such instruments as are authorized by the will without letters testamentary, or without any court order. Section 60(c) (§62[c], c. 176, 1940 Supp., '35 C.S.A.) authorizes the transfer of real estate in accordance with the terms of a will, after filing for record a certified copy of the foreign will and a certified copy of the order admitting it to probate in this state. This is a new provision of our law, and undoubtedly is the one of which proponent desires to take advantage and thereby escape the effect of the illegality of this will for failure of consideration. We see nothing in this section that would prevent, prior to the admission to probate, a contest raising this question of illegality. A will contest is primarily a probate matter, over which county courts have original jurisdiction under section 23, article VI, of our Constitution, and such courts are required to pass upon all objections to wills. *Jeffreys v. International Trust Co.*, 97 Colo. 188, 192, 48 P. (2d) 1019. This seems to be the only available remedy. A textwriter has referred to the filing of objections to the application for admission to the probate of a foreign will as an inherent right. Bancroft's Probate Practice, vol. 1, p. 267, §145.

The objections in the instant case were directed against the petition to admit the will to probate as provided by section 63, chapter 176, '35 C.S.A. Where there is a contest of a foreign will affecting real property in this state, the section of the Constitution conferring jurisdiction should not be so construed as to deprive the county court of authority over such probate matter, except by express legislative enactment, and not by implication. Proponent relies upon *Corrigan v. Jones,* 14 Colo. 311, 23 Pac. 913, in support of his contention. This case was decided many years prior to the 1903 act. The attack there on the will was limited to the domicile of deceased and the issuance of letters of administration to a non-resident. The right to contest, as generally understood, was not involved.

In *Sayre v. Sage,* 47 Colo. 559, 108 Pac. 160, we adopted a holding in the case of *Robertson v. Pickrell,* 109 U.S. 608, stating: "The probate of a will in one state does not establish its validity as a will devising real estate in another state unless the laws of the latter permit it."

In Colorado, probate procedure concerning a foreign will, devising real estate located in this state, permits the transfer thereof in accordance with the terms of such will, subject to the statutory rights of creditors (section 62[c], chapter 176, 1940 Supp., '35 C.S.A.), and such a will, as applied to real property in this state, is taken as valid unless a contest is instituted under section 63, chapter 176, supra, on or before the day set for the probate hearing and is successfully maintained.

Counsel for proponent, in support of his contention, also cites the case of *State v. Wright,* 194 Ark. 652, 109 S.W. (2d) 123. The circumstances there are not analogous to those in the instant case. In that case the will admitted to probate in Texas, which had jurisdiction over the subject matter, even though decedent had no domicile in that state, was protected by the full faith and credit clause of the federal Constitution. In the in-

stant case the California court had no jurisdiction over the subject matter—real estate located in Colorado. It is a well-settled rule that the lex rei sitae controls the disposition of real estate, and therefore to disregard the decree of probate of a foreign will is not a denial of the full faith and credit clause. *Selle v. Rapp, supra.*

█ Another question raised by the motion to strike, or demurrer, is the legal capacity of objector to contest. The capacity alleged is that arising from his status as administrator of the estate of Kate M. Kragh, deceased, whose heirs would be entitled to the real estate located in this state, if the legality of the foreign will is successfully challenged in Colorado. That objector must have an interest in the estate appears from section 64, chapter 176, supra. We are guided in this respect by our statute. *Dillingham v. Schmidt,* 85 Colo. 28, 38, 273 Pac. 21. In *Ford v. Donahue,* 95 Colo. 250, 35 P. (2d) 850, we held that a stepdaughter did not have such interest. "The right to contest the validity of a probate granted, in the method pointed out by the statute, may be exercised by any person whose interests are affected by the will so established, whether such will be domestic or (in most States) foreign." Woerner on The American Law of Administration (3d ed.), vol. 2, §217. That the interest of the estate of Kate M. Kragh is affected by the establishment of the Iver N. Kragh will cannot be questioned. Under section 115, chapter 176, supra, the administrator is empowered and commanded to " * * * preserve the estate, both real and personal, of their * * * intestates * * *," and section 136 of the same chapter, authorizes the administrator to "prosecute and defend on behalf of the * * * estates represented by them." This clearly established a legal interest in the administrator of the Iver N. Kragh estate. We conclude that the trial court committed error in sustaining the general demurrer to the objections.

The judgment of the district court, confirming the order of the county court admitting the will to probate,

is reversed and the case remanded with directions to overrule the motion to strike, also treated as a general demurrer, and for further proceedings consistent with the views herein expressed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK and MR. JUSTICE KNOUS dissent.

MR. JUSTICE YOUNG not participating.

MR. JUSTICE KNOUS dissenting.

While I am convinced the equitable considerations in this controversy are on the side of plaintiff in error and believe appropriate relief well might be accorded him in proceedings of another character, I feel impelled to dissent from the majority opinion upon the ground that in my view our statutes neither make provision for, nor contemplate, the contest in the courts of Colorado of a will admitted to probate in a foreign jurisdiction and presented for ancillary admission here.