## No. 15,178.

FOSTER, ADMINISTRATOR *v.* KRAGH.

(148 P. [2d] 1006)

Decided May 1, 1944.   Rehearing denied May 15, 1944.

Mr. HERBERT E. MANN, for plaintiff in error.

Mr. CLAY R. APPLE, for defendant in error.

*En Banc.*

Mr. Justice Jackson delivered the opinion of the court.

This case involves the admission to probate of a will already duly admitted to probate in Fresno county, California, and offered as a foreign will under our statute relating to foreign wills. The parties have previously been before us. See, *Foster v. Kragh,* 107 Colo. 389, 113 P. (2d) 666. See, also, under similar titles, 106 Colo. 249, 103 P. (2d) 480), and 112 Colo. 314, 148 P. (2d) 586. By our opinion reported in 107 Colo. 389, supra, we reversed the judgment of the district court of Weld county, confirming the order of the county court admitting the Iver N. Kragh will to probate and remanded the case, "with directions to overrule the motion to strike, also treated as a general demurrer, and for further proceedings consistent with the views herein expressed." Subsequently the district court, pursuant to these directions, vacated its order striking from the files the objections to the admission of the will to probate, and also vacated the final judgment and decree theretofore entered; and the Judge, being of the opinion that the county court of Weld county was vested with exclusive jurisdiction, held that the only matter for decision before the court was that of the admission of the will to probate and the overruling of the objections without hearing. He thereupon recertified the record and all proceedings therein to the county court of Weld county. The county court subsequently, after making a preliminary recitation of some of the facts in this case, concluded with the following order: "Plaintiff's motion to strike the objections was treated by the district court as a general demurrer; the district court's action in sustaining the general demurrer was reversed; our Supreme Court has therefore held that the objections as they stood at the time of filing the motion to strike were sufficient; nowhere in the objections does it appear that the will was not duly executed, nor does it appear in the objections that the question of

testamentary capacity of Iver N. Kragh has been raised. The admission of counsel for objector that the testamentary capacity of Iver N. Kragh and the due execution of the purported will is not contested, does not alter the situation as it existed previously. The Supreme Court in 107 Colorado 389, has held that the objections are sufficient as a matter of law; and the court now being sufficiently advised doth order: That proponent's motion be and the same is hereby denied." This order of the county court had the effect of leaving the objections of the caveator still standing against proponent's petition to probate the will. Thereafter proponent moved to strike from the objections two certain paragraphs and portions of other paragraphs, and at the same time also filed a motion to make more specific. The court overruled the motion to strike in part and sustained it in so far as it applied to two particular sentences, which it is not necessary to consider here. At the same time the court sustained the motion to make more specific and required the caveator to furnish a bill of particulars as prayed in the motion. By this motion it was sought to have caveator set forth the facts of fraud which constitutes the basis of the allegation in paragraph numbered (7) "for the purpose of fraudulently disposing of the real estate," and set forth the facts showing the "fraudulent claims" of this proponent. Thereupon attorney for the caveator filed his election to stand on the record as resubmitted by the District and Supreme courts, and also his objections and exceptions to the orders sustaining the motion to make more specific in requiring a bill of particulars. To both of these instruments proponent filed separate motions to strike.

Attorney for the caveator then moved for a change of judge, which motion was subsequently granted, "not for the reasons in the affidavit, but for the reason that this court feels that litigants have a right to have their cases heard before judges whose lack of bias or prejudice is unquestioned." Judge William E. Buck, of Boulder, who

had been suggested by counsel for caveator, thereupon succeeded Judge Woodcock as presiding judge in this case.

Caveator thereupon filed his motion for an order requiring proponent to answer objections to admission of the will to probate, and on failure so to do for judgment holding the will invalid in accordance with the decision in *Foster v. Kragh,* 107 Colo. 389. Shortly thereafter Judge Buck sustained proponent's motion to strike caveator's election to stand on the record as resubmitted by the District and Supreme courts, and also sustained the motion to strike the objections and exceptions to the previous orders of the court, and entered an order granting ten days in which caveator might file a bill of particulars, and upon failure to do so recited that the objections "be held insufficient and an order be made dismissing the objections and judgment entered admitting the will to probate." Within the ten day period, attorney for caveator filed a seven page bill of particulars. Later attorney for proponent moved to strike on the ground that the "bill of particulars contains not one single allegation of fraud against this proponent and is not in response to the orders of the court." Subsequently the court entered an order sustaining the motion of proponent, dismissing the bill of particulars as insufficient and admitting the will to probate. Caveator brings the case here and specifies error in two respects:

"1. The county court erred in entertaining and sustaining in whole or in part any motion and the motions of proponent to strike and to make more specific the objections to the admission of the will to probate, and in doing otherwise than overrule the motion to strike, also treated as a demurrer, as directed by the Supreme Court in the case of Foster v. Kragh, 107 Colo. 389, 398, * * *.

"2. The county court erred on remand from the district court, following remittitur from the Supreme Court, in failing to regard the directions of the court * * * as an order 'To overrule said motion to strike and "For

further proceedings consistent with the views expressed in the opinion of the court",' and thereafter in proceeding in a manner inconsistent 'with the views expressed' and to a final determination wholly contrary thereto."

The bill of particulars reads in part: "The facts of fraud upon which caveator relies herein in support of said general allegations gave rise and arose out of a certain case No. 9066 [106 Colo. 249] in the district court of Weld county. * * * That at said trial caveator herein learned certain facts of and concerning the said purported will and disclosing the 'facts of fraud' upon which he now relies and alleges in chronological order * * * ." Then follow seventeen separately numbered paragraphs, each referring to a particular part of the record in that case and to some extent quoting therefrom. We have examined each one of the paragraphs and can find no one of them which, when read singly, or any combination of them when read together, indicates fraud in connection with the execution of the will. We believe the county court was correct in its conclusion that "the bill of particulars contained not one single allegation of fraud against the proponent and is not in response to the orders of the court."

We also are of the opinion that the county court was acting within the scope of our directions when it granted the motion to make more specific. The objections filed by the caveator suggested fraud. When we found that the objections had been stricken as a whole and the will admitted to probate, we reversed the action of the trial court (107 Colo. 391) in so far as the court struck the objections in toto. In that case we did not adjudge that the will should not be probated, nor did we place any bar or limitation on future pleadings. The effect of our order was simply to restore to the record the objections filed by the caveator to the probate of the will. Under those circumstances we are of the opinion that the county court was justified in acting upon a motion to strike a portion of the objections, if there appeared

sound reason therefor, and likewise to entertain a motion to make more specific. In this case we believe it not unsuitable that a motion to make more specific should follow an overruled motion to strike.

■ It may also be observed that, regardless of whether the granting of the motion to make more specific was proper, the caveator, although filing his election to stand on the record, did not in fact so stand but filed the bill of particulars as above shown. In so doing he would appear to have waived his election to stand on the record.

■ Counsel for caveator makes much of the following statement in our opinion reported in 106 Colorado 249, where, speaking of the Iver N. Kragh will, we said: "The failure to probate it and make the trust effective in its purpose to support Kate Kragh during her lifetime, would be a failure of consideration, entitling her estate to the fund." We also referred to this statement in our opinion in 107 Colorado 391. But this statement cannot be relied upon to support the thesis that the Iver Kragh will itself was invalid, or the thesis that the Iver Kragh will, not having been probated immediately after the death of Iver Kragh, should not now be probated. It does not justify the continued failure to probate it. Assuming, for the sake of argument, that Iver Kragh had overreached his wife, Kate, at the time that she assigned her property to him and he executed his will setting up a trust fund for her benefit, the remedy would not be the denial of probate to Iver's will—that does not restore anything to Kate's estate; and assuming that Iver's son, Christian, has not lived up to some agreement that he is alleged to have entered into, that does not invalidate Iver's will and afford ground for refusal to admit to probate.

In the foregoing paragraph we considered the situation, even assuming that the facts as alleged by caveator as more fully set forth in our opinions in 106 and 107 Colorado, supra, were true. In our recent opinion, *Fos-*

*ter v. Kragh,* 112 Colo. 314, 148 P. (2d) 586, we sustained the judgment of the trial court in its findings that such allegations were not true. That the disposition of the case by our opinion reported in 112 Colo. 148, would be determinative of the instant one, seems to have been the opinion of counsel for caveator as appears from the following colloquy with the court:

"The Court: That suit you have in the District Court is to try the question of whether or not Kate Kragh owned this particular land.

"Mr. Mann: Or whether this deed should be set aside and really the District Court case will determine this whole situation." The facts, as determined in *Foster v. Kragh,* 112 Colo. 314, 148 P. (2d) 586, therefore would appear to corroborate our application of the law in this case in holding that the judgment should be affirmed. It is accordingly so ordered.

MR. JUSTICE HILLARD dissents.