Betty Jo MARR—a/k/a Betty
H. Marr, Appellant,

v.

Thomas Ray HENDRIX, Ronnie Merle
Hendrix, Mary Karstens, Jerry Hendrix,
James Hendrix, Wendall Hendrix, Karen
Hendrix, Douglas Hendrix, Robin Hen-
drix, Appellees.

No. 96–SC–476–DG.

Supreme Court of Kentucky.

Oct. 2, 1997.

As Modified Nov. 6, 1997.

James Tardio, Payton, Kinney, Tardio &
Jernigan, Central City, for Appellant.

Theodore H. Amshoff, Jr., Amshoff & Am-
shoff, PSC, Louisville, for Appellees.

GRAVES, Justice.

This is a review of a Court of Appeals
opinion that reversed an order dismissing a
will contest in the Muhlenberg Circuit Court.
The trial court ruled that it lacked jurisdic-
tion to entertain a contest of the will of a
Florida resident which was previously pro-
bated in Florida and then offered for ancil-
lary probate in this state. The issue present-
ed is whether a state in which real property
is located has the authority to require the
property to pass to the intended heirs in
accordance with its laws even though the will
containing the devise was probated in a for-
eign jurisdiction. With respect to real estate
located in Kentucky, we conclude that local
courts have residual jurisdiction to entertain
such actions and decide those issues pertain-
ing to the underlying validity of the will, i.e.
testamentary capacity and undue influence,
that were not raised and resolved in the
foreign jurisdiction.

The applicable statutes are KRS 394.120,
KRS 394.150, and KRS 394.240.

KRS 394.120 provides:

Nonresident—Will of valid, when.—The
will of a person domiciled out of this state
at the time of his death shall be valid as to
his personal property and his real property
in this state, if it is executed according to
the law of the place where he was domi-
ciled.

KRS 394.150 provides:

Nonresident, will of, how probated.—When
a will of a nonresident has been proved out
of the state, an authenticated copy and the
certificate of probate may be offered for

probate in this state. When such copy is offered the court shall presume, *in the absence of evidence to the contrary,* that the will was duly executed and admitted to probate as a will in the state or country of the testator's domicile, and shall admit the copy to probate as a will in this state. (Emphasis added.)

KRS 394.240 provides:

Actions in circuit court—Time in which to be brought—Filing notice of proceeding.— (1) Any person aggrieved by the action of the district court in admitting a will to record or rejecting it may bring an original action in the circuit court of the same county to contest the action of the district court. Such action shall be brought within two (2) years after the decision of the district court. The parties may, in the same action, or in a separate action if the validity of the will is not in issue, seek construction, interpretation or reformation of a will.

The testatrix, Mary Catherine Hendrix, after living most of her life in Kentucky and at an advanced age, was moved to Florida in 1988 by her daughter, Appellant Betty Jo Marr. Hendrix died in 1990, after residing in Florida for eighteen months. Her last will and testament, as well as a codicil thereto, were admitted to probate by a Florida court. Appellant was appointed executrix and proceeded to administer Hendrix's estate in Florida in accordance with Florida laws. The Florida court approved a final settlement in August 1991. Apparently, and based on admissions during oral argument, the probate of the will in Florida only proved satisfaction of the formalities in executing a will in accordance with the requirements prescribed by the statute. These requirements relate to the writing, signing, witnessing, and attestation of the will.

At the time of her death in 1990, Hendrix owned real estate and personal property in Muhlenberg County, Kentucky. In 1993, pursuant to KRS 394.150, Appellant filed a petition in the Muhlenberg District Court for ancillary administration of the Kentucky property of her mother's estate. Because the requirements of KRS 394.150 had been satisfied, the district court ordered Hendrix's will admitted to probate in Kentucky in May 1993. In June 1993, pursuant to KRS 394.240, Appellees, Hendrix's heirs at law, filed this action in the Muhlenberg Circuit Court seeking to contest the validity of the Florida will on the grounds that Hendrix lacked the necessary testamentary capacity to execute a will or, alternatively, that the will resulted from Appellant's undue influence. The circuit court ruled that it lacked subject matter jurisdiction and ordered the will contest action dismissed.

In dismissing this action, the trial court accepted the argument that KRS 394.120, KRS 394.150, and the Full Faith and Credit Clause of the United States Constitution effectively preclude a person's contesting the validity of a nonresident decedent's will, even in ancillary proceedings regarding the decedent's property located in this state, where the will was previously admitted to probate in the decedent's domiciliary state. The Court of Appeals reversed the circuit court, holding that KRS 394.240 is not limited to wills of Kentucky residents.

KRS 394.120 and KRS 394.150 provide, in effect, that if the will of a nonresident of Kentucky is executed in accordance with the laws of the decedent's domicile, it is valid as to real and personal property located in this state, and it may also be admitted to probate in Kentucky if certain other requirements are satisfied. However, these statutes are concerned only with the execution of the foreign will in accordance with the laws of the testator's domicile; they contain no language purporting to address the underlying validity of such a will.

There are two aspects to the validity of a will—formality of execution and testamentary integrity. The extent of the finding of validity in Florida related to execution only. The Florida court did not address testamentary integrity. Consequently, testamentary integrity may be raised in Kentucky pertaining to real estate located therein. Notwithstanding the language in KRS 394.120 pertaining to the validity of a nonresident's will, KRS 394.150 also contemplates that evidence may be admitted in ancillary proceedings in Kentucky.

Moreover, consideration of the foreign will's underlying validity is not precluded by KRS 394.240. The language of that statute permitting an aggrieved person to bring an

original action to contest a district court's action "admitting a will to record" contains nothing to indicate that it applies only to the wills of Kentucky residents.

■ We do not interpret KRS 394.120 so broadly as to preclude any and all challenges to the testamentary capacity of a person devising real property in Kentucky. We believe the more reasonable interpretation is that a will probated in a foreign jurisdiction shall be valid in Kentucky to the same extent that it has been proven in the foreign jurisdiction. Where there has been no adjudication of the underlying validity of the will in the foreign jurisdiction, such issue may be raised in Kentucky pursuant to KRS 394.240.

There is long standing precedent for Kentucky courts to review the devolution of real estate within its borders. *Gaskins v. Gaskins*, 311 Ky. 59, 223 S.W.2d 374 (1949), held that the Full Faith and Credit Clause of the Federal Constitution does not require every law or judgment of a foreign state to be given effect by a Kentucky court, especially in matters involving local sovereignty and title to realty. Other relevant authorities address this issue.

■ The rule is concisely stated in 95 C.J.S. *Wills* § 349 p. 197 (1957), as follows:
A foreign will offered for ancillary probate may be contested or opposed, on proper grounds, by a person interested. To permit a contest of a foreign will in another state, where the real estate affected by the will is located, does not violate full faith and credit required under the Federal Constitution. (Footnotes omitted.)

The rationale for this rule is that the disposition of property is governed by the law of the state where property is located, rather than by the law of a foreign state. Hence, the refusal to enforce a foreign probate decree pertaining to an invalid will does not violate the full faith and credit clause. *See Foster v. Kragh*, 107 Colo. 389, 113 P.2d 666 (1941) and 80 Am.Jur.2d *Wills* § 1062 (1975).

KRS 394.240 does not preclude a will contest action of a will probated in accordance with KRS 394.150. Permitting the filing of such an action is consistent with other relevant authorities. Precluding any type of contest whatsoever of the will on the issue of testamentary capacity in the state in which

the property is located invites mischief. As in the case *sub judice*, shortly before death, an aged testator may be transported to a distant foreign jurisdiction where the will is probated and the estate closed before intended heirs are aware of the death. The will is probated in the foreign jurisdiction without full notice to the intended heirs. Ancillary administration is not instituted in Kentucky until expiration of the statute of limitations in the foreign jurisdiction. Time, geographical distance, and other adverse factors will likely negate opportunities for the intended heirs to contest the issue of testamentary capacity. We do not believe such a pervasive result was intended or envisioned by the legislature in enacting KRS 394.120.

In the absence of a specific legislative prohibition or an adjudication on the issues of testamentary capacity and undue influence in the foreign jurisdiction, we conclude that the intended heirs may raise these issues concerning the devolution of real estate in Kentucky. That is, Kentucky courts possess jurisdiction to entertain a final judgment determining a foreign will tendered for ancillary probate in Kentucky to the extent that the will disposes of real property located in this state, provided that there has been no action contesting the validity of the will in a foreign jurisdiction.

The opinion of the Court of Appeals is affirmed and this matter is remanded to the Muhlenberg Circuit Court for further proceedings consistent with this opinion.

COOPER, GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents in a separate opinion in which STUMBO, J., joins.

STEPHENS, Chief Justice, dissenting.

I must respectfully dissent from the majority opinion because the circuit court was correct in concluding that it lacked jurisdiction to entertain a contest of the will of Mary Catherine Hendrix. According to KRS 394.120:
The will of a person domiciled out of this state at the time of his death *shall* be valid as to his personal property and his real property in this state, if it is executed according to the law of the place where he is domiciled (emphasis added).

In the case at bar, the will was probated in Florida, the domicile of the testatrix, and found to be validly executed in accordance with Florida law. Therefore, the Kentucky court does not have jurisdiction to entertain any action contesting the validity of the will.

While KRS 394.240 does not specifically indicate that it applies only to those wills executed by Kentucky residents, when read in conjunction with KRS 394.120 and 394.150, it is clear that it does not apply to the validly executed will of a nonresident.

KRS 394.120 and KRS 394.150, along with the Full Faith and Credit Clause of the United States Constitution precludes the contest of the Hendrix will in any Kentucky court. Accordingly, if the will was properly probated in Florida, and was valid in Florida we **shall** recognize its validity in Kentucky.

For these reasons, I would reverse the opinion of the Court of Appeals and affirm the circuit court.

STUMBO, J., joins this dissenting opinion.